## Columbia Packagings, Inc. and Employers Mutual Casualty Company v. Anne C. Leffler.

Argued March 9, 1971, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Joseph F. Torsella,* for appellant

*C. W. Dickson,* for appellee.

OPINION BY JUDGE ROGERS, April 13, 1971:

This is an appeal from a judgment of a Court of Common Pleas entered against an employer in a workmen's compensation case. By it is raised the narrow issue of the effect of Section 309(a) of the Pennsylvania Workmen's Compensation Act, 1915, June 2, P. L. 736, Article III, Section 309(d), as amended, 77 P.S. 582(d) upon a simple factual situation.

Anne C. Leffler was employed by Columbia Packagings, Inc. as a machine operator on December 12, 1967. On December 29, 1967, she was injured on the employer's premises, as a result of which she was found in this compensation case to have been rendered totally disabled.

The court's judgment appealed from was based upon its computation of appellee's average weekly wage by multiplying her hourly rate by 40. The appellant contends that the court should not have used the number 40 as representative of the hours claimant would have worked. During the short term of her employment, claimant worked 32 hours the first week, 37 hours the second, and 13¾ hours the third, although a full 40 hours of work was available. Over objection, the employer introduced evidence that in a previous employment claimant failed to work a number of hours *quarterly* equivalent to 40 hours multiplied by 13 weeks. Evidence was received that claimant had a previous back ailment, but no proofs were offered to explain claimant's failure to work 40 hours for this employer.

Section 309(d) of the Act in pertinent part reads as follows:

"If at the time of the accident the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the accident. . .

If the employe has been in the employ of the employer less than thirteen calendar weeks. . . immediately preceding the accident, his average weekly wage shall be computed under the foregoing paragraph, *taking 'total wages' for such purpose to be the amount he would have earned had he been so employed by the employer the full thirteen calendar weeks . . .* immediately preceding the accident and *had worked when work was available to other employes in a similar occupation, unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the 'total wages' of employe so employed less than thirteen calendar weeks. . .* (Emphasis supplied)

At the trial, the appellant asserted that claimant's failure to work 40 hours was related to claimant's previous back ailment. On this appeal, appellant does not urge this inference; and, correctly so, because the claimant's uncontradicted testimony was that she suffered no disability before the accident. Appellant's position here is that the failure to work 40 hours during the three weeks immediately preceding the accident, considered with the work record of the previous employment, required the use of another, unspecified but smaller number than 40. However, the statute does not permit a computation using a standard other than that of the work available "unless it be conclusively shown that by reason of exceptional causes" the use of

that standard does not ascertain total wages fairly. No such showing was here made. The legislature could have required that the computation be made on the basis of actual hours worked; it chose instead to require an assumption that the employe, would, if employed a full thirteen weeks, have worked when work was available. Having failed to bring its case within the narrow exception provided by the statute, the appellant must compensate the claimant in accordance with the statutory norm.

Judgment affirmed.