Kraft *v.* Herr's Island Packing Company, et al.

Argued November 3, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Raymond F. Keisling,* for appellant.

*Warren S. Reding,* for appellee.

OPINION BY JUDGE BLATT, December 29, 1972:

This is a workmen's compensation case. The sole issue before us is the weekly wage with which Max Frederick Kraft (claimant) should be credited in the computation of his workmen's compensation benefits.

The claimant was employed by the Herr's Island Packing Company (employer) from March 15, 1963 through April 1, 1963. On most of these days he was employed as a clean-up man for a few hours each day. On the days when so employed, he would work until the plant was clean and then he would return home. On three days, however, including the day on which he was injured, the claimant worked as a loader, for a minimum of eight hours each day. The hourly rate of pay was the same for both jobs. On April 1, 1963, while working as a loader, the claimant slipped and severely injured his right knee. Although he had only worked a few hours that day, the employer paid him for an eight-hour day.

Soon after the accident, the claimant and the employer entered into an agreement pursuant to which the claimant's average weekly wage was stated to be $45.30 and he was to receive compensation of $30.20 per week. On July 6, 1966, the employer filed a Petition for Termination on the basis that the claimant had returned to work. In response, the claimant filed a Petition for Modification, alleging that his wages had been improperly computed in the compensation agreement.

At the hearing before a referee of the Workmen's Compensation Board (Board) it was agreed that the claimant was suffering a 50% partial disability. The employer, therefore, withdrew the Petition to Terminate and left as the sole issue before the referee the computation of the claimant's wages. The referee found that these weekly wages should have been $97.60. The employer appealed to the Board, which held that the figure of $45.30 per week contained in the compensation agreement was correct. The Court of Common Pleas of Allegheny County affirmed the Board's decision.

The procedure for computing weekly wages is established in §309(d) of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §582(d).

"Whenever in this article the term 'wages' is used, it shall be construed to mean the average weekly wages of the employe, ascertained as follows: . . . (d) If at the time of the accident the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the accident, or in case the employe receives wages, monthly or semi-monthly, by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of three consecutive calendar months in the year immediately preceding the accident;

"If the employe has been in the employ of employer less than thirteen calendar weeks (or three calendar months, if the employe receives wages monthly or semi-monthly) immediately preceding the accident, his aver-

age weekly wage shall be computed under the foregoing paragraph, taking 'total wages' for such purpose to be the amount he would have earned had he been so employed by employer the full thirteen calendar weeks (or three calendar months) immediately preceding the accident and had worked, when work was available to other employes in a similar occupation, unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the 'total wages' of employe so employed less than thirteen calendar weeks (or three calendar months). . . ."

There is no doubt that the claimant was employed by the employer for less than thirteen weeks. His wages, therefore, must be computed pursuant to the second paragraph of §309(d). The problem arises, Prior to April 1, 1963, it was clear that the claimant however, as to the claimant's status as an employe. was only a part-time employe, working whenever either clean-up or loading jobs were available. The claimant contends that, as of April 1, his union had arranged for him to begin full-time work as a loader, and that his wage, therefore should be computed on the basis of an eight-hour day over a thirteen-week period. The employer introduced testimony that, as provided in the then current contract, an employe would not become a full-time, or regular, employe until he had worked thirty consecutive eight-hour days, until that point being merely on a probationary status and not entitled to be paid for any time he did not actually work.

The Board chose to believe the testimony of the employer's witness and found, therefore, that the claimant was not a full-time regular employe. There being ample competent evidence to support this finding, we must affirm it. *Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971). The Board did make an error of law, however, in com-

puting the wages of a part-time or probationary employe. The second paragraph of §309(d), which applies in this case, specifically provides that when an injured employe has been employed less than thirteen weeks his wages shall be computed by ascertaining the amount another employe in a similar occupation would have earned during the preceding thirteen weeks. An exception is provided for "exceptional causes," but there is no indication that this is such a case. The Board in this case merely used the amount which this particular claimant had actually earned over a two-week period and divided it by the number of days worked in order to compute a daily wage. This was obviously not the procedure, however, which was contemplated by §309(d).

We must remand this case, therefore, to the Board to ascertain what an employe who was assigned to available clean-up and loading jobs, as was the claimant, would have earned over the thirteen-week period prior to April 1, 1963. When this figure has been ascertained, the claimant's weekly wage can be ascertained by following further the procedures of §309(d).

For the reasons stated above, we vacate the order of the Court of Common Pleas of Allegheny County and remand the record to the Workmen's Compensation Board for further proceedings consistent with this opinion.