Max Frederick Kraft, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Herr's Island Packing Company and Commercial Union Insurance Company of New York, Insurance Carrier, Respondents.

Argued September 29, 1978, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Warren S. Reding,* with him *Reding & Rea,* and *James N. Diefenderfer,* for respondent.

OPINION BY JUDGE CRAIG, April 6, 1979:

Claimant Max Kraft appeals the decision of the Workmen's Compensation Appeal Board (Board) setting aside certain findings of the referee and reducing compensation payments based on its substituted findings that claimant's average weekly wage for purposes of compensation under Section 309(d) of The Pennsylvania Workmen's Compensation Act (Act),[1] was $21.83.

The Board held that the referee erroneously calculated claimant's compensation by using as a basis the wages earned by a regular employee paid for a minimum forty-hour $97.60 work week, when this Court had previously established that claimant was a temporary employee paid only for hours of actual labor. We affirm the Board's decision.

This case was before us previously in *Kraft v. Herr's Island Packing Co.,* 7 Pa. Commonwealth Ct.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(d).

343, 298 A.2d 275 (1972), at which time this Court specifically affirmed the Board's finding that claimant was not a full-time regular employee whose weekly wage was based on a forty-hour work week, as had been determined by the referee. We found substantial evidence to support employer's contention that claimant was on probationary status and thus entitled to receive pay only for hours of actual work.

We remanded solely because the Board had erred as a matter of law in computing claimant's average wage by using the amount claimant actually earned and dividing by the number of hours he actually worked.

Section 309(d) provides that the correct method of computation of wages for an employee who has not worked the full thirteen weeks before being injured is to ascertain the amount another employee in a similar occupation would have earned during that time period. In the case of claimant, this Court held that a similarly situated employee was a temporary employee. The pertinent provision of the statute states:

> If the employe has been in the employ of employer less than thirteen calendar weeks . . . immediately preceding the injury, his average weekly wage shall be computed under the foregoing paragraph, taking 'total wages' for such purpose to be the amount he would have earned had he been so employed by employer the full thirteen calendar weeks . . . immediately preceding the injury *and had worked, when work was available to other employes in a similar occupation.* . . . (Emphasis added.)

On remand to the referee from the Board for a wage determination within this Court's guidelines, the referee erred in calculating claimant's wages. The sixth finding of fact illustrates the misconception:

Sixth: The Referee finds as a fact, based upon the wage statements entered into evidence by the Defendant, Herr's Island, that there was work available for the Claimant on at least a 40-hour week, at the rate of $2.44 per hour. Further, the Referee determined that there were, in fact, no part-time employees and that the Claimant, at all times was able and willing to perform the work and occupation of a loader.

The Board reversed the referee's order and correctly held that although regular employees in 1963 were guaranteed forty-hour minimum weeks, temporary employees like claimant worked only when work was available and were paid only for their hours of actual work. The Board reviewed the exhibit submitted by the employer and took notice of the wages of those employees indicated as temporary. Using the wage of the temporary employee with the highest quarterly earnings, $283.83, the Board calculated claimant's wages for the purposes of compensation. At the stipulated 50% disability, two-thirds of one-half of claimant's weekly salary of $21.83 is $7.28.

Because the Board took no additional evidence, it is limited to a determination of whether the referee's findings supported by competent evidence or whether any conclusions reached by the referee constituted an error of law. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A.2d 189 (1973).

It is clear from the referee's sixth finding of fact that he erred as a matter of law in the computation of claimant's wages for purposes of Section 309(d) of the Act.

Because the Board's new findings are supported by substantial evidence and are in accord with the law, we affirm its decision.

## Order

And Now, this 6th day of April, 1979, the order of the Workmen's Compensation Appeal Board entered November 17, 1977, at Docket No. A-73168, reducing claimant's compensation rate is affirmed. It is ordered that judgment be entered in favor of Max Kraft and against Herr's Island Packing Co., Inc., and/or its insurer, Commercial Union Insurance Company of New York, in the amount of $7.28 per week, for the period of 50% disability from April 1, 1963 to July 1, 1966, plus ten percent interest per annum on deferred payments of compensation from the date due to the date paid, and 20% counsel fees to be paid directly to counsel, in accordance with the terms of The Pennsylvania Workmen's Compensation Act.