Richard J. McStay, Petitioner *v.* Workmen's Compensation Appeal Board (Alex L. Itri Garage & Body Shop), Respondent.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Alexander J. Pentecost,* with him *Amiel B. Caramanna, Jr.,* for petitioner.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondents.

OPINION BY JUDGE DOYLE, September 14, 1983:

Before this Court is an appeal by Richard J. McStay (Petitioner) from a decision and order of the Workmen's Compensation Appeal Board affirming a referee's determination of Petitioner's average weekly wage for the purposes of disability compensation.

Petitioner was employed as an automobile mechanic by the Alex L. Itri Garage & Body Shop (Employer). The terms of Petitioner's employment were that he work as needed and that he would be paid a percentage of the amount Employer charged for Petitioner's services. After only four days of work, Petitioner was burned. As a result of his injuries, Petitioner has been deemed totally disabled. To determine Petitioner's average weekly wage, the referee took $196.04 (the wages earned by Petitioner), multiplied that by sixty-five (work days in a thirteen week period) and divided that by thirteen (weeks in a quarter). Pursuant to this calculation, Petitioner was found to have an average wage of $245.06 and his compensation was accordingly set at $163.37. Petitioner appealed the referee's determination to the Board which affirmed. The appeal to this Court followed.

The controlling statute for the purposes of calculating Petitioner's average weekly wage, because Petitioner worked for Employer less than thirteen weeks, is Section 309(d) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §582(d). It reads:

Wages: computation for purpose of determining compensation

Wherever in this article the term "wages" is used, it shall be construed to mean the average weekly wages of the employe, ascertained in accordance with rules and regulations of the department as follows:

....

(d) If at the time of the injury the wages are fixed by the day, hour or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, or in case the employe receives wages, monthly or semi-monthly, by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third or fourth period of three consecutive calendar months in the year immediately preceding the injury;

If the employe has been in the employ of employer for less than thirteen calendar weeks (or three calendar months, if the employe receives wages monthly or semi-monthly) immediately preceding the injury, his average weekly wage shall be computed under the foregoing paragraph, taking "total wages" for such purpose to be the amount he would have earned had he been so employed by employer the full thirteen calendar weeks (or three calendar months) immediately preceding the injury and had worked, when work was available to other employes in a similar occupation, unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the "total wages" of employe so employed less than thirteen calendar weeks (or three calendar months).

Petitioner asserts that the referee was obligated under the Act to utilize the method of calculation most favorable to him and therefore contends that the cor-

rect calculation is $196.05 (wages earned) divided by twenty-two (hours worked) multiplied by forty (hours in a standard work week). The result would be an hourly wage of $8.91, a weekly wage of $356.40, and corresponding benefits of $187.00 per week. In support of his argument, Petitioner cites to *Columbia Packagings, Inc. v. Leffler*, 1 Pa. Commonwealth Ct. 496, 276 A.2d 331 (1971).

*Columbia Packagings*, however, is clearly distinguishable from the case at bar. In the former, it was established that forty hours of work per week *were available* to the claimant, and that, as the employer had failed to establish any exceptional causes as to why a forty hour standard did not fairly ascertain the claimant's wages, there was no choice but to utilize it, despite the claimant's failure to work as many as forty hours in any of her three weeks with the employer. In the instant case, it is established that Petitioner was working on an as needed basis, and was *not* scheduled for a forty hour week. Where the Claimant is not a full-time regular employee, a calculation such as that made by the referee herein under Section 309 of the Act is correct, *Kraft v. Herr's Island Packing Co.*, 7 Pa. Commonwealth Ct. 343, 298 A.2d 275 (1972), and we must therefore affirm the Board's decision.

ORDER

Now, September 14, 1983, the decision and order of the Workmen's Compensation Appeal Board in the above captioned matter, A-78720, is hereby affirmed.