548 A.2d 1321

Lehigh Valley Refrigeration Services, Petitioner *v.* Workmen's Compensation Appeal Board (Nichol), Respondents.

*John J. McAuliffe, Jr.,* for petitioner.

*Wilbur C. Creveling, Jr., Creveling & Creveling,* for respondent, Robert E. Nichol.

OPINION BY SENIOR JUDGE BARBIERI, October 17, 1988:

Before us in this workmen's compensation case is the petition of Lehigh Valley Refrigeration Services (Employer), seeking review of an order of the Workmen's Compensation Appeal Board (Board) which directed that Employer pay medical bills for a back injury suffered by Robert E. Nichol, Claimant. We affirm.

Claimant suffered a back injury on December 5, 1980 and has been paid total disability until the present time. In the meantime, Employer filed a petition for modification which, after listing of nine hearings, testimony taken at one, was withdrawn by Defendant on May 23, 1984. By a decision dated July 10, 1984, the withdrawal of Defendant's modification petition was approved by the referee with an order that Claimant's attorney fees in the amount of $1,195.20 be paid by Defendant. However, it appears that the Claimant's medical bills remained unpaid. Thereafter, Claimant filed the instant petition on September 24, 1984, designated the petition "for reinstatement of compensation," but the sole relief requested therein was as follows:

> Defendant and/or his insurance carrier has refused and failed to pay for medical and hospital expenses incurred as a result of claimant's accidental injury.

R.R. 4a. In lieu of an evidentiary hearing, the record made on Defendant's previous, now withdrawn, petition was made part of the record in this case. The principal issue here was whether the Employer or the Claimant had the burden of proof concerning the medical bills. The referee ruled it was the Defendant's burden under Section 306(f)(2)(ii) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531(2)(ii). As noted, testimony of Claimant taken on the prior petition, Claimant's person-

al testimony, including that on hospital bills, was by agreement incorporated in the record in this case to avoid the necessity of having the Claimant testify again. In fact, it would appear to be employer's position that, while not objecting to proof of the amounts of the bills, the objection is to the failure of proof on the part of the Claimant as to the causal relationship between the medical bills and the compensable injury in suit. Thus, the whole issue before the referee was as to the burden of proof which Employer first contends was erroneously placed on the Employer rather than on the Claimant, and, secondly, having misplaced the burden of proof, there is insufficient evidence to support the causal relationship between the original injury and the medical bills involved.

In support of its burden of proof contention, Employer simply argues that this being a petition for reinstatement filed by the Claimant, the Claimant must therefore have the burden of proof as to the medical bills, including proof of causal relationship. We disagree. While it is true that the petitioning party normally has the burden of proof, the matter to be proved here and the sole averment in the Claimant's petition is the obligation to pay medical bills for an admittedly compensable continuing disability.

Referee Shayhorn resolved the burden of proof question by his analysis and interpretation of Section 306(f)(2)(ii), 77 P.S. §531(2)(ii), which reads:

> The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the ·

physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) or paragraph (2) of this subsection.[1]

Concerning the burden of proof, the referee ruled that the burden was on the employer. The form of the petition is not controlling, but relief will be granted if warranted under any of the terms of the Act. *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984). The burden of proof issue was resolved by the referee quite properly under terms of Section 306(f)(2)(ii) in his second Conclusion of Law, in part, as follows:

. . . [U]tilizing §306(f)(2)(ii) as guidance the Referee concludes that with an open Notice of Compensation Payable as in this case, Claimant is not required to continue to establish reasonableness and necessity of hospital and medical treatment received by Claimant to the employer for payment by the employer, although the employer has the right to petition the department for review of the necessity and frequency of treatment or reasonableness of fees for services, which Defendant did not do, and accordingly, self-insured Defendant employer and/or the ad-

---

[1] The reporting requirement is not relevant in this case, since there is no evidence on which that phrase could be invoked which has the contingency of being effective as expressed in the first sentence of 306(f)(2) as follows:

(2) If and only if the employer has designated at least five physicians or other duly licensed practitioners of the healing arts or a combination thereof as permitted by the preceding paragraph, the following reporting provisions shall apply . . .

There is no evidence that this provision was complied with by the Employer, nor does this question of reporting, noted by the Board, appear to have ever been raised; thus, it is not an issue here.

ministrator of its workmen's compensation insurance is obligated to pay the expenses for the hospital and medical services incurred by Claimant. We agree.

Claimant, however, urges that Employer's "unilateral" cessation of payments of medical bills calls for assessment of "counsel fees and/or penalties." We disagree. First, we have no indication in the record that Claimant appealed on this issue which was disposed of by the Referee in his fourth Conclusion of Law, in part, as follows:

> . . . [T]he Workmen's Compensation Act does not specifically, or unambiguously, address the issue encountered here, i.e., whether the employer (or its insurance carrier) can or has the right to deny payment of medical and hospital treatment questionably related to the occupational injury without agreement between the parties or by initially filing a petition, wherefore Claimant has failed to prove by sufficient competent evidence that Defendant was in noncompliance with the Act and/or the rules and regulations promulgated there-under, and penalties are not assessable, the Referee noting that Defendant has continued to pay for treatments to Claimant's back by Dr. Assorgi and for membership to the YMCA for therapy purposes, within the meaning of §435 of the Act; and for the reasons indicated in this Conclusion of Law Defendant also established a reasonable basis for contesting the Reinstatement Petition, within the meaning of §440 of the Act.[2]

---

[2] We deem this issue not before us and, therefore, do not address it, and so express no opinion on the referee's fourth Conclusion of Law.

On appeal with a slight modification in the amount of one of the medical bills, not an issue here, the Board affirmed, relying upon *Kroger Co. v. Workmen's Compensation Appeal Board (Nicola)*, 101 Pa. Commonwealth Ct. 629, 633, 516 A.2d 1335, 1337 (1986), and quoting therefrom, as follows:

> . . . INA also asserts that no substantial evidence supports the referee's award to Claimant of certain hospital and medical expenses related to a 1983 back surgery. INA argues that Claimant failed to establish a causal link between her compensable injury and the expenses incurred. The burden of proof is not entirely clear in this instance; however, it is clear that INA bore the burden of presenting at least some evidence of the bills' impropriety.

Since we find no error in the decision of the referee or in that of the Board, we will affirm.

## ORDER

Now, October 17, 1988, the order of the Workmen's Compensation Appeal Board, dated October 23, 1987, as of No. A-91698, is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.