**TOPPS CHEWING GUM, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WICKIZER), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1998.

Decided April 23, 1998.

Jordan H. Pecile, Wilkes-Barre, for petitioner.

Nicholas E. Fick, Scranton, for respondent.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

The issue we are asked to decide pertains to the 1993 amendments to the Workers' Compensation Act (Act) [1] which are commonly known as Act 44. Specifically, in this case, we consider who bears the burden of proof under the Act 44 amendments to the Act in a Petition for Review of Utilization Review (UR) Determination filed pursuant to section 306(f.1)(6) of the Act. 77 P.S. § 531(6) (amended 1996).

Prior to the Act 44 amendments, section 306(f) of the pre-amended Act provided that an employer could challenge the reasonableness or necessity of an employee's work-related medical treatment by petitioning the Department of Labor and Industry, Bureau of Workers' Compensation (Department) for review of the necessity or frequency of treatment or reasonableness of fees for service. 77 P.S. § 531(2)(ii) (amended 1993).

However, section 306(f.1) of the Act 44 amendments changed the process governing disputes relating to the reasonableness or necessity of medical treatment from a one step process to a three step process. Before a petition for review by the Department can be filed, the Act 44 amendments require utilization review of challenged medical treatment. Accordingly, Act 44 provides:

(6) ... [D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer....

(ii) ... If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a [written] request for reconsideration must

---

**1.** Act of July 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4. The amendments at issue here were enacted by the Act of July 2, 1993, P.L. 190 (Act 44). The Act was further amended by the Act of June 24, 1996, P.L. 350 (Act 57). The Act 57 amendments are not germane to the issue presently before us. We will refer to the Act as it existed prior to the Act 44 amendments as the pre-amended Act.

be filed no later than thirty (30) days after receipt of the utilization review report.[2]

. . .

. . .

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization on reconsideration, a petition for review by the department must be filed within thirty (30) days after receipt of the reconsideration report. The [D]epartment shall assign the petition to a referee for a hearing.

77 P.S. § 531(6) (footnote added) (amended 1996).

In this case, Topps Chewing Gum (Employer) filed two Petitions for UR Initial Request (Petitions) pursuant to section 306(f.1)(6) of the Act 44 amendments. In one Petition, Employer challenged, as excessive, prescriptions for Joan Wickizer's (Claimant) medications, written by Leroy Pelicci, M.D., from October 1, 1994 and ongoing. In the second Petition, Employer alleged that Dr. Pelicci's trigger point injections and nerve conduction studies performed on Claimant, from February 1, 1995 to present, were unreasonable and unnecessary. After the Utilization Review Organization[3] (URO) determined that the challenged prescriptions, trigger point injections and nerve conduction studies were unreasonable and unnecessary, Claimant filed a request for reconsideration, pursuant to section 306(f.1)(6)(ii), challenging the determination on the prescriptions, and Dr. Pelicci filed a request for reconsideration under that same provision, challenging the determination on the trigger point injections and the nerve conduction studies. On reconsideration, another URO again determined that the challenged prescriptions were un-

reasonable and unnecessary; however, it appears that no determination was made regarding the trigger point injections and nerve conduction studies. Subsequently, Dr. Pelicci filed two Petitions for Review of UR Determination, pursuant to section 306(f.1)(6)(iv), one challenging the determination on the prescriptions, and the other challenging the determination on the trigger point injections and the nerve conduction studies. The two Petitions for Review of UR Determination were consolidated for hearing and determination by a workers' compensation judge (WCJ).

At the hearing, Claimant testified and offered a report from Dr. Pelicci, in which he discussed Claimant's treatment. Employer offered the reports from the three physicians comprising the UROs, Jon Glass, M.D., Richard H. Bennett, M.D., and Kathleen Maloney, M.D. The WCJ found the opinions of Drs. Glass, Bennett and Maloney to be credible and persuasive and rejected Dr. Pelicci's opinion as not credible. Consequently, the WCJ found that Claimant[4] failed to meet her burden of proof to establish that the contested prescriptions and treatment were reasonable and necessary. Accordingly, the WCJ dismissed both Petitions for Review of UR Determination.

Claimant appealed to the Workers' Compensation Appeal Board (WCAB), alleging that the WCJ erred in placing the burden on Claimant to prove that the challenged treatment was reasonable and necessary. Rather, Claimant argued that the burden should have been placed on Employer to prove the contrary. The WCAB agreed, relying on this court's opinion in *Florence Mining Co. v. Workmen's Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa.Cmwlth.1997), wherein we held that the UR procedure in section 306(f.1)(6) of the Act is procedural in

---

**2.** Act 57 eliminated this request for reconsideration step. 77 P.S. § 531(6).

**3.** A utilization review organization is defined as:
those organizations consisting of an impartial physician, surgeon or other health care provider or a panel of such professionals and providers as authorized by the Secretary of Labor and Industry and published as a list in the form of a notice in the Pennsylvania Bulletin for the purpose of reviewing the reasonable-

ness and necessity of treatment by a health care provider pursuant to section 306(f.1)(6). Section 109 of the Act, 77 P.S. § 29.

**4.** Although Dr. Pelicci actually filed the Petitions for Review of UR Determination, the WCJ stated that Claimant's petitions are dismissed. Dr. Pelicci did not attend the hearing, and it appears that the WCJ felt that Claimant's attorney was "substituting for [Dr. Pelicci] on [the] client's behalf." (R.R. at 12a.)

nature.[5] The WCAB held that the Act 44 amendments "did not change the existing substantive law that the employer alone has the burden to prove that medical treatment is not reasonable or necessary." (WCAB op. at 10.) Accordingly, the WCAB concluded that the WCJ erred in placing the burden of proof on Dr. Pelicci,[6] and it reversed the WCJ's order. Employer now appeals to this court,[7] arguing that the Act 44 amendments changed the substantive law relating to an employer's liability for medical expenses, and therefore, the former case law regarding the burden of proof is inapplicable.[8]

Employer points out that the legislature intended the amendments to greatly curtail escalating medical costs. From this, Employer baldly asserts that it would be justifiable to place the burden of proving the reasonableness and necessity of the challenged treatment on the health care provider. We cannot agree.

Where the legislature has only altered the procedural steps and has not clearly expressed an intent to change existing substantive law, we may not infer such an intent. *See Metropolitan Property & Liab. Ins. Co. v. Insurance Comm'r,* 525 Pa. 306, 580 A.2d 300 (1990). Thus, contrary to Employer's assertion that the legislature intended to shift the burden of proof away from the employer, we can discern nothing from the wording of the revised statute indicating that the legislature intended to shift the burden of proving the reasonableness and necessity of medical expenses away from the employer.[9]

Nevertheless, Employer contends that the WCAB, in assigning Employer the burden of proof, overlooked new aspects of the Act 44 amendments.[10] Specifically, Employer argues that the Act 44 amendments introduced the health care provider as a new potential "party" and, because the health care provider

---

**5.** A procedural statute, one which establishes the method for enforcing a right, may be applied retroactively; a statute which implicates substantive rights may not be applied retroactively. *Keystone Coal Mining Corp. v. Workmen's Compensation Appeal Bd. (Wolfe),* 673 A.2d 418 (Pa. Cmwlth.1996).

In *Florence Mining,* we stated that, in determining whether the UR process applies, it is the date of the treatment, not the date of injury, which is relevant. *Florence Mining* (citing 23 Pa. Bull. 4185). Thus, the UR provisions of Act 44 can be applied retroactively and must be procedural. In fact, we note that the Act 44 amendments challenged here have been applied retroactively; if the date of injury were the relevant date, the UR process would not even be applicable to this case.

**6.** Despite the WCAB's acknowledgement that the WCJ placed the burden of proof on Claimant, (WCAB op. at 4), the WCAB ultimately concluded that the WCJ "erred in concluding that the burden of proof was on the health care provider under review, Dr. Pelicci." (WCAB op. at 11.)

**7.** Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Florence Mining.*

**8.** The case law pertaining to challenges to the reasonableness and necessity of medical treatment under the pre-amended Act holds that once a claimant has proven a compensable work-related injury or received benefits pursuant to a notice of compensation payable, the employer bears the burden to establish that the medical expenses are not reasonable or necessary. *Lehigh Valley Refrigeration Servs. v. Workmen's Compensation Appeal Bd. (Nichol),* 120 Pa.Cmwlth. 434, 548 A.2d 1321·(1988).

**9.** We recognize that the legislature repealed section 306(f) of the pre-amended Act; however, in enacting Act 44, the legislature retained, virtually intact, the language of the pre-amended Act establishing an employer's obligation to pay for work-related medical expenses. *Compare* section 306(f)(1) of the pre-amended Act *with* section 306(f.1) of Act 44, 77 P.S. § 531. Because this court interpreted that language as placing the burden of proof on an employer, and because the legislature was fully cognizant of this court's interpretation of that statutory language when it enacted Act 44 using virtually identical language, we conclude that the legislature intended the same interpretation now as before. *See* section 1921 of the Statutory Construction Act of 1972, 2 Pa.C.S. § 1921; *Commonwealth v. Sitkin's Junk Co.,* 412 Pa. 132, 194 A.2d 199 (1963). Had the legislature intended otherwise and desired to shift the burden of proof away from the employer, the legislature would have done so explicitly when enacting Act 44.

**10.** Employer contends that one such aspect is that the resulting regulations also are designed to curtail medical costs. Employer, however, neither points to any such regulation nor explains how such a regulation establishes that the legislature expressed its intention to change the current law and shift the burden of proof away from the employer.

is separate and apart from the claimant[11] and has a direct financial interest in the outcome of the litigation, the UR process in section 306(f.1)(6) cannot be deemed to be a procedural amendment to the Act. We disagree.[12]

We recognize that, unlike the pre-amended Act, subsection 6 of section 306(f.1) of the Act 44 amendments allows a health care provider to participate in the process challenging medical expenses. However, a comparison of section 306(f) of the pre-amended Act with section 306(f.1)(6) of the Act 44 amendments reveals that the latter's introduction of the health care provider relates only to procedural matters involved in the process used to challenge the reasonableness and necessity of treatment. As we held in *Florence Mining,* section 306(f.1)(6) of the Act 44 amendments is purely procedural and merely "implement[s] the procedure by which the reasonableness and necessity of medical bills can be reviewed immediately." *Florence Mining,* 691 A.2d at 987.

■ Indeed, nothing in section 306(f.1) of the Act 44 amendments shifts the burden of proof away from the employer. Prior to the Act 44 amendments, section 306(f) of the pre-amended Act provided, in pertinent part:

(1) The employer shall provide payment for reasonable surgical and medical ser-

vices, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed....

77 P.S. § 531 (amended 1993). Similarly, section 306(f.1)(1)(i) of the Act 44 amendments provides: "[t]he employer shall provide payment in accordance with this section for reasonable surgical and medical services, services rendered by physicians or other health care providers, medicines and supplies, as and when needed...." 77 P.S. § 531(1)(i) (amended 1996). Accordingly, the Act 44 amendments, like the pre-amended Act, provide that once an employer is deemed liable for an injury, the employer must pay for reasonable and necessary medical treatment resulting from that injury.

■ The employer's obligation to pay for a claimant's medical expenses is also mandated in section 306(f.1)(5) of the Act 44 amendments which provides, "[a]ll payments to providers for treatment provided pursuant to this act *shall be made* within thirty (30) days of receipt of such bills and records."[13] 77 P.S. § 531(5) (emphasis added) (amended 1996). Because it is the employer who seeks to change the status quo, namely its obligation to pay for the claimant's work-related medical expenses, we conclude that the employer has the burden of proof throughout

---

**11.** A health care provider is defined in the Act as:

> any person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. § 29.

**12.** Although we recognize that a claimant does not fit within the Act's definition of a health care provider and that a health care provider has standing to challenge a determination by a UR reviewer, nothing in the Act makes the health care provider a party to an action challenging the reasonableness or necessity of medical costs. In fact, the health care provider cannot initiate a UR. 77 P.S. § 531(6) (amended 1996).

The introduction of a health care provider, a non-party participant, to the workers' compensa-

tion proceedings in no way alters which *party* bears the burden of proof as to whether a claimant's medical expenses are reasonable and necessary. The health care provider simply stands in the shoes of the claimant, and the employer is obligated to pay the health care provider for the services rendered to the claimant. *See also* 25 Pa. Bull. § 30 at 4883.

**13.** Originally, under the Act 44 amendments, section 306(f.1)(5), 77 P.S. § 531(5) (amended 1996), read: "[a]ll payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6)." However, the Third Circuit Court of Appeals has declared the "unless" clause (supersedeas provision) to be unconstitutional and, therefore, void. *Sullivan v. Barnett,* 139 F.3d 158 (3d Cir.1998). The Third Circuit Court of Appeals held that the supersedeas provision of Act 44 is unconstitutional because it does not provide claimants with notice and an opportunity to be heard before their medical benefits can be suspended. *Id.*

the UR process.[14] *See* David B. Torrey and Andrew E. Greenberg, *Pennsylvania Workers' Compensation: Law and Practice* § 14:107 (1997).

For the foregoing reasons, we conclude that, under the Act 44 amendments at issue here, the employer has the burden throughout the UR process of proving that the challenged medical treatment is unreasonable or unnecessary. Accordingly, the WCJ erred when it placed the burden of proof on Claimant in Dr. Pelicci's Petitions for Review of UR Determination. We understand that the WCAB recognized this error and properly placed the burden of proof on Employer; however, we cannot affirm its order. Where, as here, the fact-finder[15] placed the burden of proof on the wrong party, neither the WCAB nor this court can determine whether the WCJ would have reached the same conclusions under the correct allocation of the burden of proof. *Williams v. Workmen's Compensation Appeal Bd. (Realty Services Co.)*, 166 Pa. Cmwlth. 276, 646 A.2d 633 (1994).[16] Accordingly, we must vacate the WCAB's order and remand this case to the WCAB to remand to the WCJ for a determination on both Petitions for Review of UR Determination, placing the burden of proof on Employer.

## ORDER

AND NOW, this 23rd day of April, 1998, the order of the Workers' Compensation Appeal Board (WCAB), dated June 30, 1997 at A96–3883, is hereby vacated, and the case is remanded to the WCAB to remand to the workers' compensation judge for a determination of the Petitions for Review of Utilization Review Determination, filed on or about June 6, 1995 and July 28, 1995 by Leroy Pelicci, M.D., placing the burden of proof on the employer, Topps Chewing Gum.

Jurisdiction relinquished.

---

14. Further, we note that the regulations also reflect the employer's obligation to pay a claimant's work-related medical expenses by providing a rebuttable presumption that the medical treatment is reasonable and necessary. *See* 34 Pa. Code § 127.471 (stating that if the UR reviewer is unable to determine whether treatment is reasonable or necessary, the reviewer *shall* resolve the issue in favor of the provider).

15. In workers' compensation proceedings, the WCJ is the finder of fact. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Bd. (Krawczynski)*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973).

16. The "burden of proof" actually includes two different burdens: the burden of production, where the burdened party must produce enough evidence to avoid an adverse legal ruling, and the burden of persuasion, where the burdened party "must convince the fact finder to the required degree of certainty of the party's position on that issue." Leonard Packel and Anne Bowen Poulin, *Pennsylvania Evidence* § 301 at 46.

In worker's compensation proceedings, the WCJ has exclusive province over questions of credibility and evidentiary weight. *Greenwich Collieries v. Workmen's Compensation Appeal Bd. (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995). In *Williams*, we stated that, where the WCJ improperly allocates the burden of proof, neither this court nor the WCAB *can determine* whether the WCJ would have made those same credibility determinations and conclusions under the correct allocation of the burden of proof, and, therefore, remand is required. However, we cannot accept that, on remand, the WCJ can alter his or her findings regarding what witnesses he or she believed. Rather, we think the principle in *Williams* is more accurately stated as an inability of this court and the WCAB to determine whether the WCJ would find that that evidence, *already found credible*, is of sufficient weight so that the party bearing the burden of proof has satisfied its burden of persuasion.