v.

**WORKERS' COMPENSATION APPEAL BOARD (DINAPOLI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 2002.

Decided Feb. 4, 2003.

Charles S. Katz, Jr., Philadelphia, for petitioner.

Guy N. Paolino, Media, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

AT&T (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the Utilization Review Petition filed by Robert F. Sing, D.O. and ordering Employer to pay the medical bills incurred by Robert DiNapoli (Claimant). We affirm.

Pursuant to a Notice of Compensation Payable, Claimant began receiving compensation benefits for a work-related injury that occurred on February 26, 1993. On July 21, 1993, Employer filed a Termination Petition alleging that Claimant fully recovered from his work-related injury and that he was able to return to work without restriction.

At the hearings before the WCJ, Employer presented the testimony of Dr. Bennett, who testified that Claimant fully recovered from his work-related injuries. Claimant presented the testimony of his treating physician, Dr. Sing, who opined that Claimant suffered from disc herniations in his neck and spine which were attributable to his work-related accident and that Claimant was not fully recovered from his work-related injuries. The WCJ found Dr. Sing credible and determined that through the testimony of Dr. Sing, Claimant met his burden of establishing a causal connection between his 1993 work incident and the multiple injuries he endured, including the neck and back disc herniations and that the treatment rendered by Dr. Sing, which amounted to $40,000.00, was causally related to the work injury. The WCJ also determined that Employer failed to prove that Claimant fully recovered from his work-related injury. Because Employer refused to pay Claimant's medical bills, the WCJ also imposed penalties. On appeal, the Board affirmed, except that it reversed the WCJ's award of penalties.

Employer appealed the order of the Board, and argument was held before this Court *en banc*. On February 5, 1999, we issued a decision in which we affirmed in part and vacated in part the order of the WCJ and remanded this case to the WCJ. Specifically, although we affirmed the decision of the WCJ denying Employer's Termination Petition, with regard to Dr. Sing's medical bills we stated that:

In accordance with Act 44, a provider must submit bills, which consist of charges itemized on properly completed Medicare forms, accompanied by monthly reports on the Bureau's approved Medical Report Form. Specifically Section 306(f.1)(2) [of the Act[1]], 77 P.S. § 531, provides:

> (2) Any provider who treats an injured employe shall be required to file periodic reports with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within (10) days of commencing treatment and at least once a month thereafter as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.

Here, Employer maintains that the $40,000.00 bill of Dr. Sing, contained in the record, is not on a medicare approved form as is required by the Act 44 amendments. Moreover, there is no evidence that Dr. Sing provided monthly medical report forms as he was required to do under the Act. Employer maintains that Dr. Sing's compliance with the Act is mandatory and that his charges can only be considered for payment once he properly complies with Act 44.

We agree that in accordance with the Act, Dr. Sing must submit his bills on the proper form and Claimant conceded as much at oral argument. The Pa. Code reinforces the obligation of the health care provider to submit his bill on the proper form before payment is required. Specifically, 34 Pa.Code § 127.202(a) provides that "[u]ntil a provider submits bills on one of the forms specified ... insurers are not required to pay for the treatment billed." Moreover, 34 Pa.Code § 127.203 also requires that medical reports be submitted before payment is due. The provisions of 34 Pa.Code § 127.203(a) and (d) state that "[p]roviders who treat injured employes are required to submit periodic medical reports to the employer" and "[i]f a provider does. not submit the required medical reports on the prescribed form, the insurer is not obligated to pay for the treatment covered by the report until the required report is received by the insurer." As Claimant's medical provider has failed to submit medical bills and reports as required by the Act and Code, *we will remand to the Board with instructions that it remand to the WCJ to provide Dr. Sing with the opportunity to submit his medical bills on those forms mandated by Act 44.*

*AT&T v. Workers' Compensation Appeal Board (DiNapoli* ), 728 A.2d 381, 383–384 (Pa.Cmwlth.1999) (*AT&T I* ). We also directed that, on remand, Dr. Sing's bills should be reduced to the appropriate fee cap. Accordingly, we ordered that "the order of the Workers' Compensation Appeal Board at No. A95–4192, dated October 30, 1997, is remanded in part solely for the submission of medical reports and bills of Dr. Sing which are to be then be calculated to the appropriate fee cap by Employer and its insurance carrier. We affirm in all other respects. *Jurisdiction relinquished.*" *Id.* at 385 (emphasis added).

While *AT&T I* was pending before this Court, Employer filed a Utilization Review Request seeking to have an authorized Utilization Review Organization (URO) review the reasonableness and necessity of the treatment provided to Claimant by Dr. Sing from August 31, 1993 to the present. The URO issued a report authored by Tim

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2606.

Pinsky, D.O. and dated July 20, 1999 concluding that Dr. Sing's treatment was not reasonable or necessary. Dr. Sing then filed a Petition for Review of Utilization Review Determination (Utilization Review Petition), thus placing the decision of whether the treatment was reasonable and necessary in the hands of the WCJ.[2] By agreement of the parties, the WCJ consolidated the Utilization Review Petition and the remanded order.

At the hearings before the WCJ, both Dr. Sing and Claimant testified in support of the Utilization Review Petition and Employer submitted the URO determination in support of its position that the treatment was not reasonable and necessary. After considering the evidence, the WCJ found the testimony of Dr. Sing and Claimant more credible than the opinions of Dr. Pinsky. Therefore, the WCJ concluded that Employer failed to meet its burden of proving that the treatment provided by Dr. Sing was either unreasonable or unnecessary. Accordingly, the WCJ granted Dr. Sing's Utilization Review Petition and ordered Employer to pay for his medical services. With regard to our remand order, the WCJ found that the LIBC–9 forms for Dr. Sing's treatment of Claimant on numerous dates between July 7, 1993 and October 12, 1996 were submitted into the record. Accordingly, because

Claimant complied with our remand order, the WCJ ordered Employer to calculate the appropriate fee caps pursuant to the instructions of this Court. Employer appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[3]

On appeal, Employer argues that: 1) the WCJ and the Board erred by affirming, by implication, this Court's remand order which permitted Dr. Sing to belatedly submit medical report form LIBC–9 when Section 306(f.1)(2) provides that medical forms must be submitted within 10 days of treatment and monthly thereafter, 2) the WCJ and the Board erred by failing to hold that Dr. Sing was barred from receiving payment for medical bills when the corresponding LIBC–9 reports were not timely filed, 3) the case of *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa. Cmwlth.1998) should be overruled and this Court should hold that the WCJ erred by placing the burden of proof on Employer with regard to the Utilization Review Petition when the Employer prevailed on the initial request for Utilization Review and 4) the decision of the WCJ was not supported by substantial evidence because he relied on the testimony of Dr. Sing, who provided the treatment in question, in making his decision that Dr. Sing's treatment was reasonable and necessary.[4]

---

2. Section 306(f.1)(6)(iv) of the Act provides that:

   If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. *The workers' compensation judge shall consider the uti-*
   *lization review report as evidence but shall not be bound by the report.*
   77 P.S. § 531(6)(iv) (emphasis added).

3. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

4. In addition to the principal arguments mentioned above, Employer argues that the Board

■ First, we address Employer's argument that the WCJ and the Board erred by affirming, by implication, this Court's remand order which permitted Dr. Sing to belatedly submit medical report form LIBC–9 when Section 306(f.1)(2) provides that medical forms must be submitted within 10 days of treatment and monthly thereafter.

Both the WCJ and the Board correctly recognized that they did not have the authority to overrule a decision of this Court. Our remand order clearly stated that, on remand, Dr. Sing should be allowed to submit his medical reports on the appropriate forms. Thus, the WCJ did not err by allowing these forms to be submitted into evidence and the Board did not err by affirming the decision of the WCJ in this regard. Accordingly, Employer's argument is without merit.

■ Second, Employer argues that this Court erred by allowing Dr. Sing to belatedly submit his medical reports. However, we need not address this issue because it has been waived.

Pursuant to Pa. R.A.P. 1112(b): "A final order of the Superior Court or Commonwealth Court is any order that concludes an appeal, including an order that remands an appeal, in whole or in part, *unless the appellate court remands and retains jurisdiction.*" (emphasis added). Additionally, Pa. R.A.P. 1113(a) further provides that: "Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed . . ." In *AT&T I* we considered and rejected the arguments that Employer has now raised again in its current appeal. Additionally, when we remanded this case to the WCJ, we relinquished jurisdiction. Thus, our previous order in *AT&T I* was final and appealable. Because Employer failed to file an appeal or ask for reargument of our previous order, this issue has been waived.

■ Third, Employer argues that *Topps Chewing Gum* should be overruled and we should hold that the WCJ erred by placing

erred by failing to consider all the issues raised on appeal from the decision of the WCJ, including Employer's allegations that 1) the WCJ failed to make findings with regard to whether the insurance forms submitted by Dr. Sing were Medicare approved, 2) the WCJ found that Employer failed to object to "this evidence" without identifying the evidence, without considering the rebuttal testimony of Karen Miklos, and by ignoring Employer's objection to the introduction of additional evidence on remand, 3) the WCJ incorrectly found that Employer should have asked for reargument of this Court's previous decision or appealed to the Supreme Court, 4) the WCJ failed to recognize that Employer objected to this Court's remand order, 5) the WCJ erred by finding that Employer failed to present any evidence to comply with this Court's remand order when, in Employer's opinion, Employer did not need to make any payments because it prevailed on the initial request for Utilization Review, 6) the WCJ failed to iden-

tify the date on which Dr. Sing submitted the LIBC–9 forms and bills on approved forms, 7) the WCJ failed to summarize the testimony of Employer's claims administrator with regard to Employer's non-payment of medical bills, 8) Dr. Sing failed to produce relevant records to allow Dr. Pinsky to perform an appropriate review, 9) the WCJ never ruled on Employer's objection to Dr. Sing testifying as to the reasonableness an necessity of his own treatment, 10) the WCJ erred by relying on the testimony of Claimant as to errors in Dr. Pinsky's report, 11) the WCJ erred by accepting the testimony of Claimant as credible because his testimony regarding his subjective reaction to treatment provided is not rebuttable and therefore does not constitute a basis for a credibility determination and 12) the WCJ erred by not asking for peer review. However, Employer's brief contains no discussion as to why these arguments are meritorious.

the burden of proof on Employer with regard to the Utilization Review Petition when the Employer prevailed on the initial request for Utilization Review. In *Topps Chewing Gum*, this Court held that "[t]he employer's obligation to pay for a claimant's medical expenses is also mandated in section 306(f.1)(5) of the Act 44 amendments which provides, "[a]ll payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records." 77 P.S. § 531(5) (emphasis added) (amended 1996). Because it is the employer who seeks to change the status quo, namely its obligation to pay for the claimant's work-related medical expenses, we conclude that the employer has the burden of proof throughout the UR process." *Id.* at 1260–1261 (footnotes omitted).

In *Topps Chewing Gum*, we believe that we adequately explained our reasons for concluding that the burden remains on Employer throughout the utilization review process. Thus, we will not address this issue further. Accordingly, we decline Employer's request to overrule *Topps Chewing Gum* and conclude that the WCJ did not err by placing the burden of proof on Employer in this case.

■ Fourth, Employer argues that the decision of the WCJ is not supported by substantial evidence because Dr. Sing testified as to the reasonableness and necessity of his own services. Employer admits that we have previously addressed this issue in *Acme Markets, Inc. v. Workers' Compensation Appeal Board (Johnson and Peterson M.D.)*, 725 A.2d 863 (Pa. Cmwlth.1999), *petition for allowance of appeal denied*, 560 Pa. 710, 743 A.2d 923 (1999). However, Employer argues that *Acme Markets* should be overruled. In *Acme Markets*, the employer argued that the testimony of the claimant's doctor was not competent to support the WCJ's deter-

mination that the doctor's treatment was reasonable and necessary because he was the doctor who provided the treatment. In rejecting the employer's argument, we held that:

Section 306(f.1)(6)(iv) of the Act specifically provides that either party may obtain a separate review of the initial utilization review determination by the WCJ. The Board properly determined that other evidence may be considered during the WCJ's review, *including testimony of the treating physician.* The WCJ considered Dr. Peterson's testimony and determined that it was credible. It is well established that credibility determinations and questions of conflicting evidence, including medical evidence, are matters for the WCJ to decide. *Spring Gulch Campground v. Workmen's Compensation Appeal Board (Schneebele)*, 148 Pa.Cmwlth. 553, 612 A.2d 546 (1992). The WCJ credited the testimony of Dr. Peterson, and this Court is bound by that determination.

*Id.* at 867–868 (emphasis added).

In this case, we again decline Employer's request to overrule one of our previous decisions. We reaffirm our holding in *Acme Markets* and hold that, in this case, the WCJ did not err by relying on the testimony of Dr. Sing in determining that Claimant's treatment was reasonable and necessary.

■ Finally, Employer argues that the Board erred by failing to address twelve issues that it raised on appeal. First, we direct Employer's attention to Pa. R.A.P. 2116(a), which provides, in relevant part, that:

(a) General rule. The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any

kind. It should not ordinarily exceed 15 lines, *must never exceed one page,* and must always be on a separate page, without any other matter appearing thereon. *This rule is to be considered in the highest degree mandatory,* admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

Additionally, Pa. R.A.P. 2119(a) provides that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." In Employer's brief, the Statement of the Questions Involved consists of four pages and 143 lines. Thus, Employer has violated Pa. R.A.P. 2116(a). Additionally, these twelve arguments are not divided into parts as required by Pa. R.A.P. 2119(a).

Second, we note that although these issues are set forth in the Statement of Questions Involved section of Employer's brief, the argument section of Employer's brief merely lists these twelve issues again without providing any argument as to why Employer should prevail on these issues even if the Board had addressed them. In

*Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378 (1995), the Superior Court dealt with a similar situation in this way: "One of the reasons we decline to dismiss Roger's appeal is that his own actions effectively negate his prior non-conformance with Rule 2116. That is, Roger has only addressed three issues in the argument section of his brief. As a result, *all of those issues set forth within his statement of questions involved, which are not addressed in the argument section of his brief, are waived. Cosner v. United Penn Bank,* 358 Pa.Super. 484, 517 A.2d 1337 (1986) (finding issue waived when no argument in support contained in brief)." *Id.* at 1380, 517 A.2d 1337 (emphasis added).[5] *See also Rapid Pallet v. Unemployment Compensation Bd. of Review,* 707 A.2d 636 (Pa.Cmwlth.1998).

In this case, we deem the issues set forth by Employer in the Statement of Questions Involved that it failed to address in the argument section of its brief to be waived. However, even if these arguments were not waived, we have reviewed these issues and find them to be either without merit or to have been resolved by the Board's or this Court's decision in one of the other principal issues that Employer raised on appeal.

**5.** In making this decision, the Superior Court cited the often-quoted words of the Honorable Ruggiero Aldisert of the United States Court of Appeals for the Third Circuit, who stated that:

Because of the inordinate number of meritless objections pressed on appeal, spotting the one bona fide issue was like finding a needle in a haystack. One of our colleagues has recently cautioned on the danger of "loquaciousness:"

With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

Aldisert, The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of One Appellate Judge, 11 Cap.U.L.Rev. 445, 458 (1982).

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, *February 4, 2003*, the order of the Workers' Compensation Appeal Board docketed at A00–3024 and dated January 30, 2002 is hereby AFFIRMED.