**BROOKSIDE FAMILY PRACTICE,**
Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (HEACOCK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 2006.

Decided April 19, 2006.

5. Added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended.*

Zachary M. Rubinich, Philadelphia, for petitioner.

Thomas R. Beveridge, Bechtelsville, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Brookside Family Practice (Employer) petitions for review of the August 22, 2005, order of the Workers' Compensation Appeal Board (WCAB), which reversed the decision of a workers' compensation judge (WCJ) granting Employer's Petition for Review of Utilization Review (UR) Determination. We affirm.

On April 26, 1999, Linda Heacock (Claimant) sustained a work-related injury, and Employer issued a Notice of Compensation Payable (NCP) describing the injury as a "right foot, seismoid fracture." (WCJ's Findings of Fact, Nos. 1, 2; R.R. at 1a.) Claimant subsequently underwent right foot surgery and returned to work; however, Claimant stopped working again in April 2001, at which time Employer reinstated Claimant's benefits. (WCJ's Findings of Fact, No. 3.)

On May 14, 2002, Claimant filed a Review Petition seeking to expand the NCP's description of her injury to include reflex sympathetic dystrophy (RSD) of the right foot, right upper extremity pain, low back pain and depression. Following litigation of the matter, the WCJ granted Claimant's Review Petition in part and amended the NCP's description of Claimant's injury to RSD right foot, right upper extremity pain and low back pain. (WCJ's Findings of Fact, No. 4.)

On November 10, 2003, Yasin Khan, M.D., implanted a spinal cord stimulator in Claimant's spine. On December 22, 2003, Employer filed a UR request regarding the reasonableness and necessity of this procedure. On May 18, 2004, the UR Organization, through its medical reviewer Nathan Schwartz, M.D., circulated its UR Determination face sheet and report, in which Dr. Schwartz concluded that the spinal cord stimulator placement procedure was reasonable and necessary. Employer then filed its Petition for Review of UR Determination (Petition). (WCJ's Findings of Fact, Nos. 6–9.)

In support of its Petition, Employer submitted the December 16, 2002, deposition testimony of Judith Peterson, M.D., and the January 14, 2003, deposition testimony, and attached exhibits, of Wilhelmina Korevaar, M.D. Both depositions were taken in connection with the litigation of Claimant's May 14, 2002, Review Petition. Dr.

Peterson stated that Dr. McGowan implanted a trial spinal cord stimulator in Claimant in April 2002, but that this procedure was not helpful. (WCJ's Findings of Fact, Nos. 11, 11(c); R.R. at 98a, 114a, 304a–06a.) Similarly, Dr. Korevaar noted that Dr. McGowan implanted a trial spinal cord stimulator in Claimant in April 2002, but that this procedure did not alleviate Claimant's symptoms; in fact, it made Claimant's right foot condition worse. Dr. Korevaar also opined that any further intervention would not be considered reasonable or medically necessary. (WCJ's Findings of Fact, Nos. 12, 12(c)-(e); R.R. at 163a–64a, 240a, 253a, 304a–06a.)

In opposition to Employer's Petition, Claimant submitted Dr. Schwartz's UR Determination report, in which he opined that the November 10, 2003, spinal cord stimulator placement was reasonable and necessary. (WCJ's Findings of Fact, No. 8; R.R. at 279a, 284a.) Dr. Schwartz based his decision on the fact that "the record shows failure of conservative medical management and a positive response to trial stimulation when performed by Dr. [James P.] Barrett...."[1] (R.R. at 284a; see WCJ's Findings of Fact, No. 14.) Dr. Schwartz also noted that a March 3, 2004, medical record[2] states that Claimant had "good pain relief after [Dr. Khan's] implantation of [the] spinal cord stimulator." (R.R. at 282a–83a.)

The WCJ credited the testimony of Drs. Peterson and Korevaar and rejected Dr. Schwartz's UR Determination. The WCJ found that the testimony of Drs. Peterson

and Korevaar, that no future treatment was necessary, supported a finding that Dr. Khan's November 10, 2003, spinal cord stimulator placement was not reasonable or necessary. Consequently, the WCJ granted Employer's Petition. (WCJ's Findings of Fact, Nos. 14–18.)

On appeal by Claimant, the WCAB reversed. The WCAB reasoned that the WCJ's findings were not supported by substantial competent evidence because Employer failed to offer any evidence specific to the procedure under review.

Employer now petitions this court for review of the WCAB's order,[3] arguing that the WCAB erred in reversing the WCJ's decision. According to Employer, the testimony of Drs. Peterson and Korevaar provides substantial competent evidence of record to support the WCJ's determination, and the WCAB erroneously reweighed the evidence in order to come to a different result. We disagree.

■■■ The employer bears the burden of proof throughout the UR process to establish that the treatment in question is not reasonable and necessary. *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa.Cmwlth.1998). After reviewing the record, we must agree with the WCAB that, although Employer offered credible evidence, that evidence was not related to the reasonableness and necessity of the November 10, 2003, procedure under review. As the WCAB stated:

Although [the WCJ] found [Employer's] evidence to be credible, neither of its

1. We cannot tell from the record exactly when Dr. Barrett performed this trial stimulation; however, Dr. Barrett's medical records, which were supplied to Dr. Schwartz as part of his review, are dated June 25, 2003, through November 10, 2003. (R.R. at 281a.)

2. This record was from Dr. Ko, who is in the same practice with, and has the same specialty as, Dr. Khan. (R.R. at 282a.)

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

medical experts testified to the reasonableness and necessity of the actual spinal cord stimulator placement Claimant underwent in November of 2003, or otherwise addressed that procedure. Rather, both doctors' testimony referenced only the trial procedure performed in 2002.[4] ... The only evidence specific to the 2003 procedure under review is Dr. Schwartz'[s] report indicating that Claimant experienced "good pain relief" as of March 3, 2004, following the implantation [and concluding that the November 10, 2003, procedure under review was reasonable and necessary].... We do not mean to imply that evidence of the lack of success of a prior procedure may not be considered by a medical expert when assessing the reasonableness or necessity of a more recent procedure. In many instances, past results may be the only relevant information available. Nevertheless, medical evidence as to reasonableness and necessity should address the specific treatment under review in the UR Petition proceeding. The WCJ should not infer a lack of reasonableness and necessity for the present treatment based solely on less than satisfactory results from a prior procedure. It may be that the more current procedure contemplates certain changes to better achieve more successful results. Consequently, we conclude that medical testimony that does not address the specific treatment under review will not support a finding that such treatment is not reasonable or necessary....

(WCAB op. at 5–6.) We find no error in the WCAB's analysis.[5] Therefore, because Employer did not offer any evidence specific to the November 10, 2003, procedure under review, Employer failed to sustain its burden of proof.

Accordingly, we affirm.

### ORDER

AND NOW, this 19th day of April, 2006, the order of the Workers' Compensation Appeal Board, dated August 22, 2005, is hereby affirmed.

4. The WCAB further noted that Drs. Peterson and Korevaar only mentioned the 2002 trial stimulator in passing, that both experts' depositions were taken months prior to the procedure at issue and that the depositions were related to the Review Petition litigation, not the current litigation. (WCAB op. at 5.)

5. We note that in making his credibility determinations, the WCJ stated:
   The [WCJ] rejects the UR Determination of Dr. Schwartz as not credible as it is contrary to the credible testimony of Drs. Peterson and Korevaar. As noted above, Dr. Schwartz apparently believed Claimant responded positively to the 2002 trial implantation whereas the evidence of record shows otherwise. In addition, although Dr. Schwartz states that Dr. Khan's records show that on March 3, 2004, Claimant had good pain relief subsequent to Dr. Khan's implantation, Claimant presented no corroborative testimony and submitted no records or testimony from Dr. Khan.
   (WCJ's Findings of Fact, No. 17.) However, Dr. Schwartz's UR Determination is *not contrary to* the credible testimony of Drs. Peterson and Korevaar because the UR Determination and the testimony of Drs. Peterson and Korevaar do not relate to the same thing. Additionally, contrary to the WCJ's finding, Dr. Schwartz did not erroneously believe that Claimant responded positively to the 2002 trial implantation by Dr. McGowan. Rather, Dr. Schwartz notes that Claimant had a positive response to a trial stimulator procedure performed by Dr. Barrett sometime in 2003. (R.R. at 281a, 284a.) Finally, because Employer bears the burden of proof, *Topps Chewing Gum*, Claimant had no burden to present corroborative testimony or any records or testimony from Dr. Khan.