Janette A. Patterson, :
                Petitioner :
                     :
           v. :
                     :
Unemployment Compensation : No. 1861 C.D. 2019
Board of Review, : No. 1862 C.D. 2019
           Respondent : Submitted: August 21, 2020


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: September 24, 2020

       Janette A. Patterson (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) November 12, 2019 orders affirming the Referee's decisions finding Claimant ineligible for UC benefits under Sections 401(d)(1) and 402(b) of the UC Law (Law),[1] appeal numbers 9660 and 9661, respectively. Claimant presents two issues for this Court's review: (1) whether the UCBR erred by determining Claimant was not able and available for work; and (2) whether the UCBR erred by determining that Claimant voluntarily left her employment without necessitous and compelling cause. After review, we affirm.

       Michael G. Rubin (Employer) employed Claimant as a part-time housekeeper beginning June 22, 2017. On February 22, 2019, Claimant voluntarily resigned her employment. On June 23, 2019, Claimant applied for UC benefits. On

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(d)(1) (able and available for suitable work), 802(b) (voluntarily leaving work without cause of a necessitous and compelling nature).

July 17, 2019, the Erie UC Service Center issued two determinations, ruling therein that Claimant was ineligible for UC benefits under Sections 401(d)(1) and 402(b) of the Law. Claimant appealed from both determinations and a Referee hearing was held on August 27, 2019. Although one hearing was held for both appeals, the Referee issued two decisions. On September 3, 2019, the Referee affirmed the UC Service Center's determination that Claimant was not able and available for work, declaring:

> The Claimant Advocate was the only individual to participate in the hearing. The [Claimant] Advocate testified credibly that [] Claimant did not appear because it was necessary for her to attend a medical appointment for her father, who has a heart condition. The hearing notice notifies parties that a hearing may be postponed upon request at the discretion of the Referee. There is no evidence that [] Claimant requested a postponement.
>
> It is not possible for the Referee to accept the testimony of the [Claimant] Advocate in the absence of competent firsthand testimony. [] Claimant must be rendered ineligible for benefits.

Referee Dec. Appeal No. 9660 at 2. On September 3, 2019, the Referee also affirmed the UC Service Center's determination that Claimant voluntarily left work without cause of a necessitous and compelling nature, similarly explaining:

> The only individual to appear for the hearing was a Claimant Advocate. This individual was permitted to offer testimony, however[,] the Referee cannot consider her statements in the absence of competent firsthand testimony from [] Claimant.
>
> The [Claimant] Advocate stated credibly that [] Claimant did not appear because her father, who has a heart condition, had a medical appointment on the day of the hearing. The hearing notice provides parties the opportunity to request a postponement of a proceeding. There is no evidence that [] Claimant requested a postponement.
>
> [] Claimant's burden of proof has not been met. [UC] [b]enefits are denied.

2

Referee Dec. Appeal No. 9661 at 2.

Claimant appealed from both decisions to the UCBR, arguing that she believed she did not have to appear if a Claimant Advocate appeared on her behalf, and requested a hearing so she could produce evidence. On November 12, 2019, the UCBR separately denied the hearing requests and affirmed the Referee's decisions. Both UCBR decisions contained the following ruling:

> The [UCBR], after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the [Law]. Therefore, the [UCBR] adopts and incorporates the Referee's findings and conclusions. [] [C]laimant requested a remand hearing to present her testimony[,] as she was unaware that her advocate could not offer testimony on her behalf. However, the Notice of Hearing outlines the purpose of the hearing and the requirements for parties to request a continuance. Here, [] [C]laimant had the opportunity for a full and fair hearing and chose not to participate or request a continuance. A claimant's own negligence or misunderstanding of the process is insufficient proper cause to justify her failure to appear at a referee's hearing and warrant a new hearing.
>
> Accordingly, the Board enters the following order:
>
> The decision of the Referee is affirmed.

UCBR Dec. Appeal Nos. 9660, 9661 at 1. Claimant appealed from both orders to this Court.[2] On February 27, 2020, the UCBR filed an Application for Consolidation, which this Court granted.

Claimant raises her reason for not appearing at the Referee hearing in her Petition for Review, but argues in her brief to this Court that she was able and available

---

[2] "Our scope of review is to determine whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Allen v. Unemployment Comp. Bd. of Review*, 189 A.3d 1128, 1133 n.3 (Pa. Cmwlth. 2018).

to work for waiting week ending June 29, 2019 and, based on the Claimant Advocate's representations on her behalf, she had necessitous and compelling cause for quitting her job. The UCBR rejoins that, although Claimant raises the issue of her failure to attend the hearing in the "Statement of Case" section of her brief, Claimant Br. at 3, Claimant does not list it in the "Statement of Questions Involved," *id.*, nor argue it in the "Summary of Argument" or "Argument" sections of her brief, Claimant Br. at 6, 7, thus, Claimant waived that issue.

> Initially,
>
> Claimant, in her Petition for Review, [raises her entitlement to a remand hearing]. Nonetheless, she fails to address this issue in either her statement of questions or argument section of her brief. As such, this issue is waived consistent with [Pennsylvania Rule of Appellate Procedure (Rule)] 2116(a) [('No question will be considered unless it is stated in the statement of questions involved . . . .'),] and [Rule] 2119(a) [('The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.')]. *AT&T v. Workers' Comp*[.] *Appeal* [*Bd.*] *(DiNapoli)*, 816 A.2d 355, 361 (Pa. Cmwlth. 2003); *LP Water & Sewer Co. v.* [*Pa.*] *Pub. Util. Comm'n*, 722 A.2d 733, 738 (Pa. Cmwlth. 1998); *Watkins v. Unemployment Comp*[.] [*Bd.*] *of Review*, 689 A.2d 1019 (Pa. Cmwlth. 1997).

*Muretic v. Workers' Comp. Appeal Bd. (Dep't of Labor & Indus.)*, 934 A.2d 752, 758 (Pa. Cmwlth. 2007) (footnotes omitted).

> Further,
>
> [Rule] 1551(a) . . . states[,] in pertinent part: 'Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit. . . .' [Pa.R.A.P. 1551(a)].

*Umedman v. Unemployment Comp. Review Bd.*, 52 A.3d 558, 565 (Pa. Cmwlth. 2012).

4

Here, the only issue Claimant raised before the UCBR was her request for a remand hearing. *See* Certified Record (C.R.) Item 11 (Claimant's Appeal from Referee's Decisions and Request for Remand Hearing). However, Claimant did not list her remand hearing request as an issue in her Statement of Questions Involved, nor did she argue it in her brief to this Court. Accordingly, Claimant waived the only issue properly before this Court.

Notwithstanding, it is well-settled law that "a claimant's own negligence is insufficient 'proper cause' as a matter of law, to justify [her] failure to appear at a referee's hearing and warrant a new hearing." *Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985); *see also Gibson v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 1732 C.D. 2018, filed November 7, 2019); *Cooke v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 1718 C.D. 2018, filed July 24, 2019); *Irvin v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 284 C.D. 2018, filed January 4, 2019).[3] Because Claimant's own negligence in misunderstanding the hearing notice cannot justify her failure to appear at the Referee's hearing, "Claimant's contention that [her] absence from the Referee's hearing was for 'proper cause' must be rejected." *Savage*, 421 A.2d at 950.

For all of the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

---

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. These unreported cases are cited herein for their persuasive value.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Janette A. Patterson,                          :
                          Petitioner           :
                                               :
          v.                                   :
                                               :
Unemployment Compensation                      :      No. 1861 C.D. 2019
Board of Review,                               :      No. 1862 C.D. 2019
                          Respondent           :

# O R D E R

AND NOW, this 24th day of September, 2020, the Unemployment Compensation Board of Review's November 12, 2019 orders are affirmed.

_____
ANNE E. COVEY, Judge