641 A.2d 1291

MOSITES CONSTRUCTION COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (MARSHALL), Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 8, 1994.

Decided May 10, 1994.

David H. Dille and Pamela G. Cochenour, for petitioner.

David J. Watson, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Mosites Construction Company (Employer) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's modification of Edward Marshall's (Claimant) notice of compensation payable. We affirm.

The facts are undisputed. On January 12, 1981, Employer hired Claimant as a "burner" [1] for work in Allegheny County. On January 13, 1981, Claimant sustained a serious injury, rendering him totally disabled from employment.

Pursuant to a notice of compensation payable, Claimant received workmen's compensation benefits of $243.61 per week based on an average weekly wage of $363.60. Employer's

---

1. A "burner" uses an acetylene torch to cut structures or materials at a job site.

insurer computed Claimant's average weekly wage based upon information provided by Employer by letter dated January 15, 1981, which stated:

> As per our discussion today, be advised that I contacted the union hall regarding [Claimant's] wages. I was informed that records of this type are not kept at the hall but we would have to contact the employee. I tried several times to reach [Claimant] but was unsuccessful. Therefore, the only available information I have at this particular time is that [Claimant] was hired on January 12 at a rate of *9.09/hr.* 40 hours/week.

(105a) (emphasis added).

It must be noted, however, that on the date of his injury, Claimant was a member of Laborers' Local Union 1058 (Union). Employer and the Union were parties to a collective bargaining agreement (CBA) that set forth the mandatory wage rates for Union members based upon job and location of the job site. Pursuant to the CBA, Claimant's job as a burner was a Class II (semi-skilled) job located in Allegheny County (Zone 1). The mandatory wage rate for a burner working in Zone 1 on January 13, 1981, was *$10.42 per hour.* (62a, 63a, 94a).

On February 6, 1989, Claimant filed a petition for reinstatement, amended to a petition for review, asserting Employer failed to correctly compute his average weekly wage in accordance with the CBA. On May 18, 1991, after a hearing on the matter, the referee modified the notice of compensation payable finding that the Claimant should have been paid $10.42 per hour. The referee concluded that the CBA's provisions controlled rather than the wages Employer actually paid Claimant. Therefore, the referee recalculated Claimant's average weekly wage and thus, adjusted his benefits to $262.00 per week. The referee ordered Employer to begin payment at that rate immediately and ordered Employer to pay the difference between the two rates from January 1981 to May 18, 1990. On appeal, the WCAB affirmed.

Employer's sole argument on appeal to this Court,[2] is that the referee erred as a matter of law in calculating Claimant's average weekly wage based on the CBA rather than on the basis of the wages earned.

Employer asserts that Claimant failed to prove that a mistake of fact existed pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771, so as to permit a modification of a notice of compensation payable. Section 413 of the Act provides that:

A referee of the Department may, at any time, review and modify or set aside a Notice of Compensation Payable ... or upon petition filed by either party with the Department ..., if it be proved that such Notice of Compensation Payable ... was in any material respect incorrect.

Employer contends that Claimant did not meet his burden to show that a mistake of fact existed when the notice was executed or that a mistake rendered the notice incorrect in a material respect as required by *Berkoski v. Workmen's Compensation Appeal Board (Atlas Chain & Precision Products Co.)*, 73 Pa.Commonwealth Ct. 644, 459 A.2d 458 (1983). Employer further argues that the referee and the WCAB applied *McGlasson v. Workmen's Compensation Appeal Board (Philadelphia Eagles Football Club)*, 125 Pa.Commonwealth Ct. 487, 557 A.2d 841 (1989), *appeal denied*, 525 Pa. 650, 581 A.2d 575 (1990),[3] too broadly for the proposition that terms and conditions of an employment contract should be

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

3. In *McGlasson*, a professional athlete argued that the WCAB's order improperly calculated his average weekly wage by failing to include a bonus paid as an incentive to sign a contract of employment. We affirmed, indicating that terms of the employment contract should be considered when determining if the signing bonus constituted "wages" for purposes of computing the claimant's average weekly wage; however, we concluded that the bonus, which had actually been paid to the claimant prior to his injury, should not be considered part of his average weekly wage.

included in the computation of a claimant's average weekly wage. Employer asserts *McGlasson* does not hold that *all* payments required to be made to an employee as part of a CBA are to be included in a claimant's average weekly wage. While *McGlasson* did not specifically so hold, the referee here concluded that the notice was incorrect in a material respect because *McGlasson* dictates terms of an employment contract must be *considered* when determining average weekly wage. The referee and the WCAB *considered* the employment contract in determining Claimant's average weekly wage and we hold this is proper.

Under the facts here, the procedure for computing the average weekly wage is established in Section 309(d) of the Act, 77 P.S. § 582(d), which provides:

(d) If at the time of the injury the wages are fixed by the day, hour or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, or in the case the employe receives wages, monthly or semi-monthly, by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third or fourth period of three consecutive calendar months in the year immediately preceding the injury;

If the employe has been in the employ of the employer for less than thirteen calendar weeks ... immediately preceding the injury, his average weekly wage shall be computed under the foregoing paragraph, taking "total wages" for such purpose to be the amount he would have earned had he been so employed by the employer the full thirteen calendar weeks (or three calendar months) immediately preceding the injury and had worked, when work was available to other employes in a similar occupation, unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the "total

wages" of an employe so employed less than thirteen calendar weeks (or three calendar months).

Employer argues that Claimant earned $9.09 per hour and that this rate correctly provides the basis for the calculation of the average weekly wage under paragraph 1 of Section 309(d) of the Act rather than the second paragraph of Section 309(d), upon which the referee and the WCAB relied. Employer asserts that paragraph two of Section 309(d) is inapplicable because: 1) Claimant admitted he received a set wage of $9.09 per hour; and 2) no evidence was introduced that anything less than 40 hours of work per week was available to him.

■ While Claimant did not introduce evidence that specific employees received $10.42 per hour, Claimant did present evidence of the wages he should have been paid by introducing the CBA. Dennis Martire, the president of the Union, also testified concerning the CBA and thus, established a $10.42 per hour wage rate for the Zone 1 burner. Further, while paragraph 2 of Section 309(d) often applies where a claimant does not have full-time work available, *see McStay v. Workmen's Compensation Appeal Board (Alex L. Itri Garage & Body Shop)*, 77 Pa.Commonwealth Ct. 151, 465 A.2d 127 (1983),[4] because Claimant, although full-time, was employed *less* than thirteen calendar weeks, the referee properly applied the second paragraph of Section 309(d).

■ Employer contends that even if the second paragraph of Section 309(d) is used to calculate Claimant's average weekly wage, because the CBA did not take effect until thirteen days prior to Claimant's injury, eleven weeks of the wages set by the preceding CBA should be used in calculating his average weekly wage. While we believe this argument has merit, there is no evidence of record of the previous CBA's wage scale which could be used to obtain this calculation. Employer neither introduced the earlier CBA between Union

4. In *McStay,* the claimant had worked for the employer less than thirteen weeks only on *an as needed basis* and was not a regular, fulltime employee. We found that the referee and the WCAB had correctly calculated claimant's wages by reference to the number of days claimant actually worked.

and Employer nor did it cross-examine Mr. Martire, Union's president on the earlier CBA's wage scale. Therefore, based on the evidence of record presented, we cannot hold that the calculation was erroneous because there was no evidence of the earlier CBA and also considering that the Act is to be construed in the light most favorable to the claimant. *Kraft v. Herr's Island Packing Co.*, 7 Pa.Commonwealth Ct. 343, 298 A.2d 275 (1972).

Finally, Employer argues that the WCAB did not have jurisdiction over the "wage dispute." Employer contends that this dispute is best described as a matter of private contract between Claimant and Employer. While workmen's compensation authorities do not have jurisdiction to decide private contract claims, *Reynolds v. Reihart*, 47 Pa.Commonwealth Ct. 602, 408 A.2d 897 (1979), *appeal dismissed*, 498 Pa. 135, 445 A.2d 103 (1982), the Claimant's pre-injury wage is clearly established by the CBA. The WCAB was not required to interpret the CBA, only apply the wages to which Claimant was entitled.

Accordingly, we affirm.

## ORDER

AND NOW, this 10th day of May, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.