**Willard D. MAYO, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1996.
Decided April 30, 1996.
Publication Ordered July 16, 1996.

George H. Hoffman, for petitioner.

Jeffrey P. Schmoyer, Asst. Counsel, for respondent.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Willard D. Mayo (claimant) appeals from an order of the Office of Hearings and Appeals (OHA) for the Department of Public Welfare (DPW) which dismissed his appeal from the termination of his disability benefits pursuant to what is commonly referred to as Act 534, Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. § 951. We affirm.

Claimant was employed as a Youth Development Counselor II at the New Castle Youth Development Center (New Castle YDC) of the DPW.[1] In 1988, claimant sustained a work-related injury[2] while attempting to restrain a student and was rendered totally disabled. As a result, claimant was placed on disability leave and began to receive disability benefits pursuant to Act 534[3] and workers' compensation benefits.

In June 1990, New Castle YDC filed with the Bureau of Workers' Compensation (Bureau) a petition for termination, suspension or modification of compensation (modification petition). New Castle YDC requested that claimant's workers' compensation benefits be modified as of April 27, 1990 because claimant had sufficiently recovered from his work-related injury so as to be able to return to available light duty employment which was within his capabilities. New Castle YDC also requested a supersedeas.

On March 18, 1991, a workers' compensation judge (WCJ) granted New Castle YDC's request for a supersedeas and suspended claimant's workers' compensation benefits pending disposition of the modification petition. As a result, New Castle YDC notified claimant that it was suspending his Act 534 benefits because the WCJ had concluded that claimant was able to perform available modified duties. In June 1991, claimant appealed the suspension of his Act 534 benefits to OHA and requested a hearing.

In August 1992, claimant and DPW entered into a Settlement Agreement. Pursuant to the Settlement Agreement, claimant and DPW agreed, *inter alia*, to the following: (1) claimant's Act 534 benefits were restored to March 18, 1991; (2) DPW would continue to pay claimant his Act 534 benefits on a bi-weekly basis until such time as there was a "final decision by the Department of Labor & Industry" with respect to his disability; (3) claimant discontinued his appeal before OHA with respect to the suspension of his Act 534 benefits, provided that OHA retained jurisdiction of this case for purposes of enforcement of the Settlement Agreement; (4) claimant and DPW would "accept the final determination as to disability reached by the Department of Labor & Industry"; and (5) the Settlement Agreement would have the effect of a final unappealable order with respect to the issue of benefits pursuant to Act 534. Original Record (O.R.), Settlement Agreement.

On January 19, 1993, a WCJ entered an order which granted New Castle YDC's modification petition and suspended claimant's workers' compensation benefits as of April 27, 1990.[4] Claimant appealed the WCJ's de-

---

1. Pursuant to section 341 of the Public Welfare Code, "[t]he purpose of the youth development centers is to promote and safeguard the social well-being and general welfare of minors of this Commonwealth by providing social services and facilities for the rehabilitation of delinquent minors who require care, guidance and control." Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 341. Delinquent minors at youth development centers are referred to as "students."

2. Claimant sustained a low-back injury.

3. Act 534 provides, in pertinent part, as follows:
    Any employe of a ... Youth Development Center under the Department of Public Welfare, who is injured during the course of his employment by an act of ... any person confined in such institution ... shall be paid, by the Commonwealth of Pennsylvania, his full

salary, until the disability arising therefrom no longer prevents his return as an employe of such ... institution at a salary equal to that earned by him at the time of his injury.

4. In his determination, the WCJ found that Dr. Paul Resnick, one of claimant's treating physicians, had released claimant for light duty work as of April 18, 1990, and had approved of a modified full-time position for claimant as a Counselor II. The WCJ further found that another of claimant's treating physicians, Dr. Charles W. Vates, Jr., had released claimant for light duty work and had approved of the same modified position for claimant as of November 27, 1990. The WCJ noted that the modified position would not result in a loss of earnings for claimant.

The WCJ found that New Castle YDC had asked claimant to report for a return-to-work

cision to the Workmen's Compensation Appeal Board (board).[5]

By order dated April 26, 1994, the board modified the WCJ's determination by changing the effective date for the suspension of claimant's benefits from April 27, 1990 to November 27, 1990.[6] The board affirmed the WCJ's determination in all other respects. Claimant appealed to this court which affirmed the board's determination.[7]

On May 13, 1994, New Castle YDC notified claimant that, in light of the board's decision and the provisions of the Settlement Agreement, it was terminating his Act 534 benefits as of November 27, 1990. On June 7, 1994, claimant filed a letter with OHA seeking enforcement of the Settlement Agreement pending claimant's appeal to this court of the board's determination. Claimant asserted that he was entitled to Act 534 benefits until there was a final determination as to his disability. Claimant further asserted that the board's order of April 26, 1994 was not a final determination because he had filed a timely appeal of that order with this court.

On June 30, 1995, OHA dismissed claimant's appeal from the termination of his Act 534 benefits. OHA stated that it was clear from the provisions of the Settlement Agreement that claimant and DPW had agreed to rely on the Department of Labor and Industry for a conclusive determination as to claimant's disability. OHA opined that claimant received a final determination as to his disability when the board issued its decision on April 26, 1994 because the board was the final reviewing body within the Department of Labor and Industry. OHA concluded that the board's determination as to claimant's disability was binding on claimant and DPW and that OHA had jurisdiction to enforce the terms of the Settlement Agreement. Claimant now appeals to this court.[8]

---

conference on April 27, 1990. Claimant did not attend this conference. The WCJ further found that the modified position offered to claimant was actually available to and within the reach of claimant, was within his medical restrictions and physical capabilities, was full-time without a loss of earnings, was adequately described as to duties and location and was made in good faith. The WCJ stated that claimant had acted in bad faith when he did not report for work, accept the offered position or otherwise follow through on the offer.

5. While claimant's appeal to the board was pending, New Castle YDC fired claimant, effective February 17, 1993. Claimant was terminated on the basis of the WCJ's January 19, 1993 order and the fact that claimant had not acted in good faith when he failed to return to work on April 27, 1990. Claimant appealed his termination to the State Civil Service Commission (Commission) in order to protect his Act 534 benefits.

Prior to an adjudication by the Commission on the merits of claimant's appeal, claimant and DPW entered into a stipulation for the withdrawal of claimant's appeal, without prejudice. In their stipulation, claimant and DPW stated that there was no need to process claimant's appeal because, subsequent to the filing of the appeal, DPW had restored claimant's Act 534 benefits, pursuant to the terms of the Settlement Agreement, pending a final determination on claimant's disability by the Department of Labor & Industry.

We note that it appears from the record in this case that claimant is still employed by New Castle YDC. In a letter from New Castle YDC to claimant, dated May 13, 1994, New Castle YDC states that full time work with restrictions is available to claimant. However, it is unclear from the record when claimant was rehired after his termination on February 17, 1993.

6. We note that November 27, 1990 was the date when Dr. Vates released claimant for light duty work and approved of the modified Counselor II position for claimant. In modifying the WCJ's determination, the board concluded that Dr. Resnick's approval in April 1990 of light duty work for claimant as a Counselor II was hearsay evidence.

7. By order dated May 22, 1995, this court affirmed the board's determination of April 26, 1994 which had affirmed the WCJ's suspension of claimant's workers' compensation benefits. *Mayo v. Workmen's Compensation Appeal Board (New Castle YDC)*, (No. 1361 C.D.1994, filed May 22, 1995). This court concluded that New Castle YDC had met its burden of proving that it had offered claimant an open position within his physical capabilities and that claimant had not taken the position. *Id.*

Claimant's petition for allowance of appeal to our Supreme Court was denied on October 11, 1995. *Mayo v. Workmen's Compensation Appeal Board (New Castle YDC)*, 542 Pa. 679, 668 A.2d 1140 (1995).

8. This court's scope of review is to determine whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence. *Mihok v. Department of Public Welfare*, 135 Pa.Cmwlth. 265, 580 A.2d 905 (1990). Substantial evidence is such

In this appeal, claimant has raised the following issues: (1) whether the Department of Labor and Industry, the Bureau and the board have subject matter jurisdiction to determine whether his Act 534 benefits should be terminated; and (2) whether, pursuant to the provisions of the Settlement Agreement, a determination as to disability is final when there has been a hearing by the Department of Labor and Industry, or when the state appellate judicial review process has been exhausted.

We initially note that Act 534 was designed to assure those who undertook employment in certain state institutions that they would be fully compensated in the event that they were disabled as the result of an act of a person confined in such an institution. *Lightcap v. Department of Public Welfare,* 107 Pa.Cmwlth. 98, 527 A.2d 1087 (1987), *petition for allowance of appeal denied,* 518 Pa. 645, 542 A.2d 1372 (1988). We further note that Act 534 has been interpreted by analogy to workers' compensation law. *Id.; Trumpikas v. Department of Public Welfare,* 50 Pa.Cmwlth. 130, 412 A.2d 218 (1980).

Claimant first asserts that subject matter jurisdiction over a determination as to whether a claimant's Act 534 benefits should be terminated is vested in the DPW, not the Department of Labor and Industry. Claimant argues that he was entitled to receive his Act 534 benefits until there was a final adjudication on the matter, by the DPW, after a due process hearing. Claimant points out that he has not received a hearing from DPW with respect to the termination of his Act 534 benefits.

■ We recognize that jurisdiction over a claim for Act 534 disability benefits is vested in the DPW and that a claimant seeking such benefits need not first obtain a favorable workers' compensation determination. *Hardiman v. Department of Public Welfare,* 121 Pa.Cmwlth. 120, 550 A.2d 590 (1988). The board or a WCJ do not even have subject matter jurisdiction over proceedings which relate to disability benefits other than workers' compensation benefits. *Wisniewski v. Workmen's Compensation Ap-*

*peal Board (City of Pittsburgh),* 153 Pa. Cmwlth. 403, 621 A.2d 1111 (1993). We further note that where a claimant is receiving Act 534 benefits, those benefits cannot be terminated before DPW conducts a due process hearing with respect to such a termination. *Mihok.*

■ In the present case, New Castle YDC notified claimant by letter dated May 14, 1991 that it was suspending his Act 534 benefits because a WCJ, in a workers' compensation proceeding, had determined that claimant was able to perform available modified work. O.R., Letter from New Castle YDC to claimant dated May 14, 1991. In its letter, New Castle YDC informed claimant that if he wanted a hearing with respect to his Act 534 benefits, he should notify OHA within thirty days so that a hearing could be scheduled. *Id.* Consequently, in June 1991, claimant appealed the suspension of his Act 534 benefits and requested a hearing. O.R., Letter from claimant to OHA dated June 6, 1991.

However, prior to the hearing, claimant entered into the Settlement Agreement with DPW in which claimant agreed to discontinue his appeal before OHA with respect to his Act 534 benefits. O.R., Settlement Agreement. By entering into the Settlement Agreement, claimant voluntarily decided to waive his due process hearing before DPW. Accordingly, claimant's argument that he did not receive a hearing to which he was entitled is without merit.

■ We further conclude that the Department of Labor and Industry, the Bureau and the board did not actually exercise subject matter jurisdiction over the termination of claimant's Act 534 benefits. Rather, jurisdiction over claimant's Act 534 benefits remained vested with DPW.

We point out that, pursuant to the terms of the Settlement Agreement, claimant and DPW agreed to "accept the final determination as to disability reached by the Department of Labor and Industry." O.R., Settlement Agreement. The WCJ and the board concluded that claimant could return to a modified full-time position with no loss of

relevant evidence as a reasonable mind might

accept as adequate to support a conclusion. *Id.*

earnings. Therefore, DPW, in accordance with the terms of the Settlement Agreement, accepted that determination and New Castle YDC informed claimant that his Act 534 benefits were being terminated.[9]

Ultimately, it was DPW which exercised jurisdiction over claimant's Act 534 benefits. Moreover, we note that, in the Settlement Agreement, claimant and DPW specifically agreed that OHA would retain jurisdiction over this case for purposes of enforcing the terms of the Settlement Agreement. O.R., Settlement Agreement.

 Claimant next asserts that, pursuant to the terms of the Settlement Agreement, he was entitled to receive Act 534 benefits until there was a final decision by the Department of Labor and Industry with respect to his disability. Claimant argues that a determination as to his disability was not final until all of his appeal rights had been exhausted. As such, claimant asserts that he was entitled to Act 534 disability benefits until October 11, 1995 when our Supreme Court denied his petition for allowance of appeal of the board's determination as to his disability.

Our Supreme Court has variously defined a final order as one which ends the litigation or alternatively disposes of an entire case. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). In this case, the specific language of the Settlement Agreement provided that DPW would continue to pay claimant's Act 534 benefits on a bi-weekly basis "until such time that there is a final decision by the Department of Labor & Industry with respect to Mayo's disability." O.R., Settlement Agreement. The Settlement Agreement further provided that "Mayo and the Department will accept the final determination as to disability reached by the Department of Labor & Industry." *Id.*

The language of the Settlement Agreement is clear and unambiguous. Claimant and DPW contractually agreed to be bound by the final decision of the Department of Labor and Industry, and they clearly intended for such a decision to terminate the litigation between them. Claimant cannot now be permitted to circumvent the terms of the Settlement Agreement to which claimant had voluntarily agreed. We conclude that, in this particular case, the determination as to the issue of claimant's disability was final when the board issued its decision on April 29, 1994.

Accordingly, the order of the OHA is affirmed.

### ORDER

NOW, this 30th day of April, 1996, the order of the Office of Hearings and Appeals for the Department of Public Welfare, dated June 30, 1995, at No. 37H001–001, is affirmed.

---

9. Pursuant to Act 534, an employee of a youth development center who sustains a work-related injury shall be paid his full salary until his disability no longer prevents his return as an employee of such institution at a salary equal to that earned by him at the time of his injury. We point out that the WCJ found that the modified position offered to claimant was actually available to and within the reach of claimant, was within his medical restrictions and physical capabilities and was full-time without a loss of earnings.