Jerome JONES, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF CHESTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 2008.

Decided Nov. 12, 2008.

Reargument Denied Jan. 6, 2009.

Arthur G. Girton, Chester, for petitioner.

Robert F. Kelly, Jr., Media, for respondent, City of Chester.

Bereth K. Graeff, West Chester, for respondent, AIG Insurance.

BEFORE: McGINLEY, Judge, BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Before this Court is the appeal of Jerome Jones (Claimant) from an order of the Workers' Compensation Appeal Board (Board) finding that the WCJ lacked jurisdiction to entertain a Review Petition filed by Claimant. We reverse the order of the Board and remand for the reasons stated below.

Claimant filed a Petition to Review Benefit Offset. No specific allegations are contained in the Petition. All that is contained in the record is a document entitled "Article 143—Police Pension Fund" and a copy of the collective bargaining agreement (CBA) between the City of Chester (Employer) and the Fraternal Order of Police, Lodge # 19. Article XXIII of the CBA expressly states "The City *can* claim as an offset from the aforesaid pension the following items: (a) 100% of whatever workers' compensation benefits the retired police officer is receiving as a result of his or her service-connected disability." [1] (Emphasis added). Also included in the record is an affidavit indicating that Claimant is receiving a monthly pension of $3,891.04. There is no verbal testimony of record. Moreover, no record was made for the two hearings held in this matter.

The WCJ issued a decision on April 5, 2007 disposing of the Review Petition. The WCJ indicated that Claimant was alleging Employer, specifically the "City of Chester," was taking an improper credit in relation to his pension benefits. Reproduced Record (R.R.) at 68a. The WCJ

---

1. The term "can" is emphasized because the term may be read that Employer has the option to offset claimant's pension benefits, but may elect not to do so. *See generally* Black's Law Dictionary 141 (6th ed. 1991) (defining "can" as having a right or permission to do something and indicating the term is used interchangeably with "may").

further specified that "[i]n this Petition the Claimant alleges that the City of Chester is reducing the disability pension benefits in an amount equal to the amount of workers' compensation benefits he is receiving."[2] *Id.* The WCJ reviewed the CBA submitted by Employer. He stated that the CBA reads that.a police officer who is injured in the line of duty is entitled to a service-connected disability pension equal to 100% of the officer's earnings for the fifty-two weeks immediately preceding his injury. The WCJ added that the CBA allows Employer to reduce a claimant's pension benefits in an amount equal to 100% of the workers' compensation benefits the claimant is receiving for his service-connected disability. The WCJ found that the relevant provisions of the CBA were contrary to the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708, and were not binding. Moreover, he stated the CBA cannot supersede the Act. He granted Petitioner's Review Petition and held that any offset taken by Employer must be done in accordance with the Act. The WCJ concluded Employer "is entitled to an offset of workers' compensation benefits from the pension funds received by the Claimant to the extent that they are funded by the City of Chester." R.R. at 69a.

The Board reversed in an Opinion dated March 19, 2008. It concluded that there

was no issue before the WCJ concerning Claimant's workers' compensation benefits. Rather, the issue was whether Claimant's pension benefits were being properly reduced pursuant to the CBA. Relying primarily on *Mayo v. Department of Public Welfare,* 680 A.2d 1 (Pa.Cmwlth.1996) and *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 153 Pa.Cmwlth. 403, 621 A.2d 1111 (1993), the Board concluded the WCJ lacked jurisdiction to entertain Claimant's Review Petition. In *Mayo,* this Court noted that neither the Board, nor a WCJ has subject matter jurisdiction over proceedings that relate to disability benefits other than workers' compensation benefits.[3] *Mayo,* 680 A.2d at 4. In *Wisniewski,* this Court held that the workers' compensation authorities do not have jurisdiction over claims brought under the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–38. *Wisniewski,* 621 A.2d at 1114–1115. This appeal followed.[4]

Claimant argues on appeal that the Board erred in determining that the WCJ lacked jurisdiction to entertain Claimant's Review Petition. Further, he contends that the CBA is violative of Section 450 of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.6, and that Employer should be precluded from offsetting his pension benefits in an amount equal to

2. As noted above, Claimant's Review Petition was devoid of any specific allegations. This information presumably was gleaned at a hearing for which there is no transcript.

3. This Court ultimately held in *Mayo* that a claimant and the Department of Public Welfare may enter into a settlement agreement whereupon the claimant's continued rights to benefits under Act 534, Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §§ 951–952, may be contingent on the final determination of a modification petition concerning workers' compensation benefits. *Mayo,* 680

A.2d at 4–5. We reasoned that, in that case, the workers' compensation authorities never actually exercised subject matter jurisdiction over the termination of the claimant's Act 534 benefits. *Id.* at 4.

4. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *DeGraw v. Workers' Compensation Appeal Board (Redner's Warehouse Mkts., Inc.),* 926 A.2d 997 (Pa. Cmwlth.2007).

100% of his workers' compensation benefits.[5] He contends that Employer funded 29.27% of his pension benefits and that any offset taken should be based on that amount.[6] According to Claimant, an offset taken pursuant to the CBA is nearly double the offset permitted under the Act.[7]

■ Section 401 of the Act, 77 P.S. § 710, provides that WCJ's are to conduct hearings under the Act. The amount of workers' compensation benefits a claimant receives is within the jurisdiction of the WCJ and the Board. *See Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe & Tube)*, 909 A.2d 445 (Pa. Cmwlth.2006) (holding that where successive counsel had fee agreements requiring different percentages of compensation to be paid to counsel, the WCJ had jurisdiction to resolve a fee dispute as the resolution of that dispute affected the amount of ongoing benefits the claimant was due to receive). The workers' compensation authorities' responsibilities include guarding

the workers' compensation system. *Id.* at 456. As noted, neither the Board, nor a WCJ, however, has subject matter jurisdiction over proceedings that relate to benefits other than workers' compensation benefits. *Mayo.* The interpretation of a CBA is generally reserved for a grievance arbitrator. *Pennsylvania State Troopers Ass'n v. Pennsylvania Labor Relations Board,* 804 A.2d 1291 (Pa.Cmwlth.2002). Where the WCJ is responsible for addressing an alleged entitlement under the Act, he may be permitted to rule upon questions that would ordinarily be outside his jurisdiction. *See, e.g., Rossa v. Workers' Compensation Appeal Board (City of Phila.),* 576 Pa. 349, 839 A.2d 256 (2003) (holding that a WCJ does have the authority to determine paternity for the purposes of determining eligibility of a child for benefits upon the filing of a fatal claim petition).

■ Moreover, mere existence of a CBA does not preclude a WCJ from adjudicat-

---

5. Section 450 was added to the Act as part of the amendments commonly known as Act 57. It reads, in pertinent part:

(a) Any employer and the recognized or certified and exclusive representative of its employe may agree by collective bargaining to establish certain binding obligations and procedures relating to workers' compensation: Provided, however, That the scope of the agreement shall be limited to:

(1) benefits supplemental to those provided in sections 306 and 307 ...

(c) Nothing in this section shall allow any agreement that diminishes an employe's entitlement to benefits as otherwise set forth in this section. Any agreement in violation of this provision shall be null and void....

6. Section 204(a) of the Act, *as amended,* 77 P.S. § 71(a), states, in relevant part that "[t]he severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award."

7. Claimant, in his brief asserts that his monthly pension is $3,981.04 and that Employer funds 29.27% of this benefit. (Petitioner's Brief, p. 13). Consequently, he indicates Employer should be able to offset his workers' compensation benefits by $1,165.24 calculated on a monthly basis. ($3,981.04 × .2927). *Id.* By following the CBA, however, Claimant contends that because he receives $509.00 in weekly indemnity benefits, Employer is taking an offset of $2036.00. ($509.00 × 4). *Id.* at 4, 13. We must point out, however, that aside from the affidavit indicating Claimant receives $3,981.04 in monthly pension benefits, there is no evidence contained in the record to support the percentage of Claimant's pension presumably funded by Employer or his weekly workers' compensation benefit rate. Briefs filed in this Court are not part of the evidentiary record and assertions of fact therein that are not supported by the evidentiary record may not form the basis of any action by this Court. *Sanders v. Workers' Compensation Appeal Board (Marriott Corp.),* 756 A.2d 129 (Pa.Cmwlth.2000).

ing a petition filed concerning the receipt of workers' compensation benefits. *See Department of Corrections v. Workers' Compensation Appeal Board (Clark)*, 824 A.2d 1241 (Pa.Cmwlth.2003)(whereupon this Court observed that requiring the employer to comply with a compromise and release agreement did not require the WCJ to interpret any section of the CBA).

An approach similar to the one followed in *Clark* was utilized in *Mosites Constr. Co. v. Workmen's Compensation Appeal Board (Marshall)*, 164 Pa.Cmwlth. 60, 641 A.2d 1291 (1994), where the WCJ utilized a figure contained in the relevant CBA to determine the claimant's average weekly wage. The employer argued that the claimant's average weekly wage should be based on the wages actually earned rather than the language contained in the CBA. *Id.* at 1292. Moreover, it asserted the workers' compensation authorities had no jurisdiction over the "wage dispute" as this was a matter of a private contract. *Id.* at 1293–94. This Court, rejecting the employer's arguments, indicated that the claimant's pre-injury wage was clearly established by the CBA, that no interpretation of a private contract was required, and that all that was required was to apply the wages to which the claimant was entitled. *Id.* at 1294.

■ We disagree that the WCJ lacked jurisdiction to entertain Claimant's Review Petition. We reiterate that Claimant filed a Review Petition that was devoid of any specific allegations. Moreover, there was no transcript made for the two hearings held before the WCJ. Nonetheless, the decision of the WCJ who presided over the hearings and accepted the limited evidence indicates that the issue is whether Employer is permitted to offset Claimant's pension benefits in accordance with the CBA, or in the alternative, whether any offset must be taken in accordance with

the Act. Section 204(a) of the Act specifically provides Employer a means to offset workers' compensation benefits when Claimant also receives a pension. Section 450 of the Act, under which the WCJ can conduct hearings consistent with Section 401 of the Act, authorizes CBAs concerning benefits supplemental to workers' compensation benefits. Given the fact that these statutory provisions deal with the issues presented before the WCJ and, as will be explained more fully below, are potentially applicable to Claimant, the WCJ had jurisdiction to entertain Claimant's Petition.

Although the Board cited the holdings of *Mayo* and *Wisniewski*, we disagree that they are controlling in the instant matter. These cases concerned whether the workers' compensation authorities had jurisdiction over Act 534 benefits and benefits under the Heart and Lung Act. These cases support the proposition that claims for these types of benefits cannot be decided by the workers' compensation authorities because there is no authorization in the Act providing for jurisdiction over the same. Nonetheless, the Board and WCJs are charged with the duty of guarding the workers' compensation system and to resolve disputes concerning the amount of indemnity benefits a claimant is due to receive. *Hendricks.* Claimant's argument concerns whether Employer, in offsetting his pension benefits in an amount equal to 100% of his workers' compensation benefits in accordance with the CBA, essentially indirectly reduces his workers' compensation benefits by taking a greater credit than it would otherwise be entitled to under the Act. Consequently, this matter falls within the WCJ's jurisdiction.

■ Further, there can be no disagreement that the interpretation of a CBA is generally left to an arbitrator through the filing of a grievance. *Pa. State Troopers*

*Ass'n.* In his April 5, 2007 decision, however, the WCJ merely indicated that the CBA provided that Employer is entitled to offset Claimant's pension in an amount equal to 100% of the workers' compensation benefits he is receiving for his injury. This situation appears to be similar to the one presented in *Marshall.* Whether such an offset is or is not permitted by the Act, the WCJ was not really required to interpret language contained in the CBA. Rather, he simply relied on the express language contained therein. The holdings of *Marshall* and *Clark* further support a determination that the WCJ had jurisdiction over Claimant's Review Petition. Further, consistent with *Rossa,* WCJ's are permitted to rule on issues that would ordinarily be outside of their jurisdiction when addressing an alleged entitlement to workers' compensation benefits.[8] Thus, we reverse the order of the Board.

 As noted above, the record in this case is sparse. Items that are not part of the record may not be considered by an appellate body on review. *Kimberly Clark Corp. v. Workers' Compensation Appeal Board (Bullard),* 790 A.2d 1072 (Pa. Cmwlth.2001). Absent evidence establishing entitlement to relief, no such relief can be granted. *Sanders,* 756 A.2d at 134. Moreover, as indicated, briefs filed in this Court are not part of the evidentiary record and assertions of fact therein that are not supported by the evidentiary record may not form the basis of any action by this Court. *Id.* at 135. Indeed, it is a fundamental rule of appellate review that the Court is confined to the record before it, excluding matters or facts asserted in briefs. *Pryor v. Workers' Compensation Appeal Board (Colin Serv. Sys.),* 923 A.2d 1197 (Pa.Cmwlth.2006).

 There is no evidence of record when the Claimant was injured, when he began receiving workers' compensation benefits, or the amount of his weekly compensation benefits.[9] There is no evidence that Claimant's pension benefits are being

---

8. Employer argues that Claimant only preserved the issue of whether it was capable of reducing his pension benefits, not whether it was capable of offsetting his workers' compensation benefits. Thus, it contends Claimant is precluded from arguing that his workers' compensation benefits are essentially being reduced when his pension benefits are offset. Objections referenced in a petition for review are deemed to include every subsidiary question fairly comprised therein. Pa. R.A.P. 1513(d). Failure to properly raise an issue in the petition for review and in the Statement of Questions Involved as well as discuss that issue in the argument section of one's brief, however, will render an issue waived. *Muretic v. Workers' Compensation Appeal Board (Department of Labor & Indus.),* 934 A.2d 752 (Pa.Cmwlth.2007); *AT&T v. Workers' Compensation Appeal Board (DiNapoli),* 816 A.2d 355 (Pa.Cmwlth.2003); *McKay v. Workmen's Compensation Appeal Board (Osmolinski),* 688 A.2d 259 (Pa.Cmwlth.1997). The arguments raised in Claimant's Petition for Review, the Statement of Questions Involved,

and argument sections of his brief are not mirror images of one another. Nonetheless, the overall themes of the arguments raised are the same. Claimant contends that the WCJ was correct in stating the CBA was contrary to the Act and that Employer should be precluded from offsetting his pension benefits in an amount equal to 100% of his workers' compensation benefits. Moreover, any offset should be limited to the percentage Employer funds Claimant's pension benefits. Further, Claimant's suggestion is reasonable that when Employer reduces his pension benefits in accordance with the CBA, his workers' compensation benefits are indirectly offset in an amount greater than that authorized by the Act. These arguments are inter-related. We do not agree with Employer that Claimant has waived any issues.

9. The WCJ indicates in Finding of Fact No. 2 that Claimant was injured in 1995. Again, however, the record contains no evidence whatsoever to support this factual finding.

offset in accordance with the CBA. There is no evidence clarifying whether Employer is offsetting Claimant's pension benefits based on Claimant's receipt of workers' compensation benefits exclusively or whether Employer, acting as a single entity, offsets Claimant's pension benefits pursuant to the CBA while its insurer, AIG (Insurer), acting on its own accord, also reduces Claimant's workers' compensation benefits in an amount equal to the extent Employer funded the pension benefits.

Without evidence of these facts of record, this Court cannot exercise meaningful appellate review. Until testimony or some other evidence indicating that Claimant's pension benefits are, in fact, being reduced in an amount equal to 100% of his workers' compensation benefits consistent with the CBA is put into the record, it is not clear that a case or controversy exists. Assuming that Employer is offsetting Claimant's pension benefits consistent with the CBA, the absence of any evidence of Claimant's injury date impedes our ability to determine whether Sections 450 or 204(a) of the Act are ultimately even applicable in this matter. Section 204(a) was amended to include the offset provision for pension benefits in 1996. Section 450 was not added to the Act until 1996 as well. Moreover, as we have stated, there is no evidence establishing whether Employer is exclusively reducing Claimant's pension benefits pursuant to the CBA or if Employer reduces Claimant's pension benefits by an amount equal to 100% of Claimant's compensation rate while Insurer simultaneously reduces Claimant's indemnity benefits in an amount equal to the extent Employer funded those same pension benefits. Without such evidence, we cannot begin to understand the total financial loss experienced by Claimant. Moreover, we cannot address, in earnest, Claimant's contention that when Employer reduces his pension benefits by 100% of his worker's

compensation benefits pursuant to the CBA, his entitlement to workers' compensation benefits is indirectly affected.

The Act is remedial in nature and is subject to liberal construction to benefit the injured worker. *Combine v. Workers' Compensation Appeal Board (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776 (Pa. Cmwlth.2008). Moreover, it has been held, at least in interpreting Section 204(a) of the Act, that a claimant's own funds should not be used by an employer to satisfy its workers' compensation obligation. *Pennsylvania State University v. Workers' Compensation Appeal Board (Hensal)*, 911 A.2d 225 (Pa.Cmwlth.2006). Further, a fundamental presumption in ascertaining the intention of the General Assembly in the enactment of a statute is that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. *Enterprise Rent–A–Car v. Workers' Compensation Appeal Board (Clabaugh)*, 934 A.2d 124 (Pa. Cmwlth.2007). This evidence is essential to determining the extent of Claimant's financial loss, if any, Claimant would experience if Claimant's pension benefits are reduced in accordance with the CBA or if such an offset takes place in addition to Insurer offsetting Claimant's indemnity benefits based on the extent Employer funded Claimant's pension benefits. Assuming Section 450 of the Act is applicable to this litigation, this information will be helpful in interpreting the meaning of that Section keeping in mind the principles espoused in *Combine, Hensal,* and *Clabaugh.*

Consequently, we remand to the Board for the purpose of further remand to the WCJ to conduct further proceedings. The parties shall submit evidence concerning Claimant's injury date and his compensation rate. The WCJ should place into the record any prior decisions consistent with

34 Pa.Code § 131.52. The Claimant should provide an explanation of his financial loss and Employer and Insurer must clarify whether they are solely reducing Claimant's pension benefits in accordance with the CBA or offsetting both Claimant's pension benefits in an amount equal to 100% of Claimant's workers' compensation benefit rate prior to any offset being taken as well as reducing Claimant's workers' compensation benefits in an amount equal to the extent of Claimant's pension that was funded by Employer.[10] The WCJ should then determine whether to grant or deny Claimant's Review Petition. In so doing, the WCJ should take into consideration Claimant's date of injury and explain why any provisions of that Act that he relies upon in making his determination are applicable to Claimant.[11]

### ORDER

AND NOW, this 12th day of November, 2008, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed. This matter is remanded consistent with the foregoing opinion.

Jurisdiction relinquished.

10. This Court acknowledges that the parties may have stipulated to some or all of these facts consistent with 34 Pa.Code § 131.91. Nonetheless, if the parties did enter into a stipulation, such a fact is not evidenced in the record.

11. As we are remanding this case for submission of evidence and a new decision, we do not address Employer's arguments that it is not "directly liable" for Claimant's indemnity benefits or that Claimant will receive a windfall if Employer is precluded from offsetting Claimant's pension benefits consistent with the CBA. These arguments are not yet ripe for review.