## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James W. Cooke,                               :
                Petitioner     :
                                       :
        v.                              :
                                         :
Unemployment Compensation    :
Board of Review,                             :     No. 1718 C.D. 2018
                Respondent    :     Submitted:  May 10, 2019

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED:  July 24, 2019

James W. Cooke (Claimant) petitions, *pro se*, for review from the December 5, 2018 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of an Unemployment Compensation (UC) referee (Referee) finding Claimant ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law),[1] which provides that a claimant shall be ineligible for benefits in any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant was employed by Adecco Staffing (Employer), a temporary staffing agency, from November 4, 2016 through December 7, 2016. *See* Referee's Decision/Order dated October 17, 2018 (Referee's Decision), Findings of Fact[2] (F.F.) 1; *see also* Employer Separation Information dated March 22, 2018, Certified Record Item No. 2 (Employer Separation Information), at 2. Claimant informed Employer that he suffered a wrist injury at home and could no longer work. *See* Employer Separation Information. Claimant did not return to work for Employer. *Id.* Claimant thereafter applied for and received Unemployment Compensation (UC) benefits in the amount of $4,710.00. *See* Claim Record, Certified Record Item No. 1; F.F. 3.

On September 7, 2018, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department), mailed Claimant a Notice of Determination that concluded that Claimant was ineligible for UC benefits under Section 402(b) of the Law because he voluntarily quit his employment with Employer, did not inform Employer of his work limitations, and did not show a necessitous and compelling reason for leaving his employment. *See* Notice of Determination and Notice of Determination Overpayment of Benefits both dated September 7, 2018, Certified Record Item No. 5 (collectively, Notice of Determination). The Department further informed Claimant that he had received UC payments to which he was not entitled and established a $4,710.00 fault overpayment under Section 804(a) of the Law, 43 P.S. § 874(a), subjecting Claimant to repayment of the overpayment. *Id.*

---

[2] The Board adopted and incorporated the Referee's findings of fact and conclusions of law in its order affirming the Referee's decision. *See* Board Order dated December 5, 2018.

On September 18, 2018, Claimant filed a Petition for Appeal challenging the Department's Notice of Determination. *See* Petition for Appeal dated September 18, 2018, Certified Record Item No. 7 (Petition for Appeal). As his reason for disagreeing with the determination and filing the appeal, Claimant stated:

> I was denied benefits for 12/10/16-3/18/17 and I was not employed. I have already paid backed [sic] $762.04 due to overpayment. I do not owe anything.

Petition for Appeal at 3 (pagination supplied).

On October 5, 2018, the Department mailed a Notice of Hearing to both Claimant and Employer. *See* Notice of Hearing dated October 5, 2018, Certified Record Item No. 10 (Notice of Hearing). The Notice of Hearing indicated the date, time, and location of the hearing and instructed the participants to report at least 15 minutes prior to the designated start time to review case materials. *Id.*

Despite receiving the Notice of Hearing,[3] neither party attended the hearing. *See* Transcript of Referee's Hearing, October 17, 2018, Certified Record Item No. 11, at 1. Additionally, neither party requested a postponement of the proceedings. *Id.* The Referee accepted the Notice of Hearing and multiple pertinent Department forms into evidence before closing the record. *Id.*

On October 17, 2018, the Referee issued the Referee's Decision finding that Claimant voluntarily resigned his employment with Employer. *See* Referee's Decision at 1 (pagination supplied). Therefore, the Referee concluded that Claimant

---

[3] Neither the Notice of Hearing mailed to Claimant nor the Notice of Hearing mailed to Employer was returned by postal authorities as undeliverable. *See* Transcript of Referee's Hearing, October 17, 2018, Certified Record Item No. 11, at 1.

was ineligible for UC benefits under Section 402(b) of the Law. *See id.* at 1-2. Regarding the $4,710.00 overpayment of UC benefits previously received by Claimant, the Referee modified the $4,710.00 overpayment from a fault overpayment subject to repayment to a non-fault overpayment subject only to recoupment, not repayment, under Section 804(b) of the Law.[4] *Id.* at 2-3.

Claimant appealed to the Board. *See* Petition for Appeal dated October 22, 2018, Certified Record Item No. 13. On December 5, 2018, the Board adopted the Referee's findings of fact and conclusions, and ultimately affirmed the Referee's determinations that: (1) Claimant was ineligible for UC benefits under Section 402(b) of the Law because Claimant did not prove that his separation from employment was involuntary; and (2) the $4,710 overpayment was a non-fault overpayment subject to recoupment. *See* Board Decision and Order, December 5, 2018 (Board Decision) at 1. Claimant then petitioned this Court for review.[5]

On appeal, Claimant contends that the Board erred in affirming the Referee's determination that Claimant was ineligible for UC benefits under Section 402(b) of the Law. *See* Claimant's Brief at 5-6. Claimant argues that he informed

---

[4] Section 804(b) of the Law provides, in pertinent part:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year[.]

43 P.S. § 874(b)(1).

[5] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

Employer of his injury, but never said that he would not return to work. *Id.* Claimant alleges that Employer told him not to return to work. *Id.*

Section 402(b) of the Law provides that an employee will be ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). Whether an employee's separation from employment results from the employee voluntarily quitting or from an employer discharge is a question of law subject to review by this Court that must be determined from a totality of the facts surrounding the cessation of employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996). An employee voluntarily terminates employment when he resigns, leaves, or quits the employment without action by the employer. *Roberts v. Unemployment Comp. Bd. of Review*, 432 A.2d 646, 648 (Pa. Cmwlth. 1981). Further, "[e]mployees of temporary staffing agencies who fail to follow the employer agency's policies regarding work availability will be considered to have voluntarily quit work." *Thiessen v. Unemployment Comp. Bd. of Review*, 178 A.3d 255, 261 (Pa. Cmwlth.), *appeal denied*, 194 A.3d 554 (Pa. 2018) (internal quotation marks omitted).

However, a claimant who voluntarily quits his employment may still be eligible for UC benefits if he voluntarily quit for cause of a necessitous and compelling nature. *See* 43 P.S. § 802(b). "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Comp. Bd. of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997). "A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review*, 38 A.3d

5

1051, 1056 (Pa. Cmwlth. 2012). Claimants who claim to have left their employ for a necessitous and compelling reason must prove:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). As the prevailing party below, Employer is entitled to the benefit of all reasonable inferences drawn from the evidence on review. *See Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Here, Claimant now alleges that he did not quit, but instead was told by Employer that, because of his broken wrist, he was a liability and to not return. *See* Claimant's Brief at 5-6. However, this argument is not supported by evidence of record. Employer reported to the Department that Claimant voluntarily quit a temporary position as a dishwasher due to health reasons after breaking his wrist at home. *See* Employer Separation Information. Employer indicated continuing work was available, but that Claimant did not maintain contact with Employer after he quit. *Id.* Claimant did not respond to the Claimant Questionnaire mailed to him by the Department. *See* Claimant Questionnaire, Certified Record Item No. 3. Because neither Employer nor Claimant appeared at the scheduled hearing, the Referee entered into the record and considered the available Department records to find that Claimant voluntarily terminated his employment. *See* Transcript of Referee's Hearing, October 17, 2018, Certified Record Item No. 11, at 1; Referee's Decision

6

at 1-2. Allegations contained in Claimant's brief cannot support a contrary conclusion. *See Jones v. Workers' Comp. Appeal Bd. (City of Chester)*, 961 A.2d 904, 909 (Pa. Cmwlth. 2008) (stating "briefs filed in this Court are not part of the evidentiary record and assertions of fact therein that are not supported by the evidentiary record may not form the basis of any action by this Court"). Consequently, the Board did not err in affirming the Referee's determination that Claimant was ineligible to receive UC benefits pursuant to Section 402(b) of the Law because he failed to meet his burden of proving that a necessitous and compelling cause for his voluntary quit existed.

Additionally, to the extent Claimant suggests that he is entitled to relief based on his misunderstanding as to whether his presence was required at the hearing, we are unpersuaded. *See* Claimant's Brief at 6.

A referee may conduct a UC benefits hearing in the absence of a notified party. 34 Pa. Code § 101.51. Further, "[i]n the absence of all parties, the decision may be based upon the pertinent available records." *Id.* However, parties may make a request to continue a matter before the hearing occurs or a request to reopen the record after the hearing is complete. *See* 34 Pa. Code §§ 101.23(a)[6] & 101.24(a).[7] Both a request to continue a hearing and a request to reopen the record must be made in writing and set forth the proper cause for the request. *Id.*

---

[6] 34 Pa. Code § 101.23(a) provides:

> Continuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper. The inability of a party to attend a hearing because he received less than 7 days notice will be considered proper cause for continuance of a hearing.

34 Pa. Code § 101.23(a).

[7] 34 Pa. Code § 101.24(a) provides:

Here, Claimant concedes that he received the Notice of Hearing in the mail. *See* Claimant's Brief at 6. The Notice of Hearing lists the location of the hearing – Washington Greene County Job Training Agency, 351 West Beau Street, Washington, PA 15301 – next to the hearing time and date on the first page of the Notice of Hearing. *See* Notice of Hearing at 1. Not far thereunder, and still on the first page, the Notice of Hearing discusses the importance of (1) arriving early to the hearing to review the file, and (2) bringing identification to the hearing. *Id.* Later, in the "Purpose of Hearing" section, the Notice of Hearing discusses the importance of and reasons for appearing at the hearing. *Id.* at 2. Additionally, the Notice of Hearing outlines the requirements for parties to request both continuances and the reopening of the record after the scheduled hearing date.[8] *Id.* at 3. Nothing in the record indicates Claimant filed a request to either continue the hearing or reopen the record once the hearing had occurred. There is no evidence of record to substantiate Claimant's self-serving statements in his brief regarding an alleged phone

> If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or Board, shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing; and they shall be delivered or mailed--preferably to the tribunal at the address shown on the notice of hearing or to the Unemployment Compensation Board of Review, Labor and Industry Building, Seventh and Forster Streets, Harrisburg, Pennsylvania 17121, or to the local employment office where the appeal was filed.

34 Pa. Code § 101.24(a).

[8] The Notice of Hearing explains that continuance or reopening requests must be made in writing and must allege specific reasons and circumstances that constitute "proper cause" for granting a request to continue or reopen the record. *See* Notice of Hearing at 3.

conversation he had with the Department. *See Jones*. Additionally, Claimant's negligent reading of the admittedly-received Notice of Hearing cannot excuse his failure to appear at the hearing or to comply with the proper continuance and/or record reopening procedures. *See Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985) (holding that "a claimant's own negligence is insufficient 'proper cause,' as a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing"). Therefore, Claimant's explanation of his misunderstanding that his presence was not required at the hearing cannot afford him relief.

Finally, Claimant argues that he should not be subject to further repayment beyond the $762.04 he alleges to have already repaid. *See* Claimant's Brief at 6. We note that the Board adopted the Referee's determination that the evidence supported a non-fault overpayment under Section 804(b) of the Law, subject only to recoupment, as opposed to a fault overpayment under Section 804(a) of the Law, which would have been subject to repayment. *See* Referee's Decision at 2; Board's Opinion at 1. We find no error in this determination. Accordingly, Claimant is not required to repay the overpayment.[9]

For these reasons, we affirm the order of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] We note, however, that Claimant remains liable for recoupment of the outstanding overpayment amount, should qualifying compensation become payable to him in the future. *See* 43 P.S. § 874(b).

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James W. Cooke,                       :
             Petitioner        :
                              :
        v.                    :
                              :
Unemployment Compensation     :
Board of Review,               :    No. 1718 C.D. 2018
             Respondent    :

O R D E R

AND NOW, this 24th day of July, 2019, the December 5, 2018 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge